EDWIN R. BRINK et al., Respondents *v.* THE HANOVER.
FIRE INSURANCE COMPANY, Appellant.

(Argued March 23, 1877; decided June 5, 1877.

THIS was an action upon a policy of fire insurance upon a
stock of goods, in Lexington, North Carolina.

By the policy it was required that the assured should
"forthwith" give notice to the general agent of the com-
pany in the city of New York of any loss, and "as soon
after as possible," furnish proofs of loss.

A fire occurred November 23, 1865. Plaintiffs notified
defendant's agent, through whom they had received the
policy, on the twenty-fifth, and he at once notified defendant,
who acted upon it by sending an agent to Lexington. *Held,*
that this was a substantial compliance with the require-
ment of the policy, as to notice.

Two or three weeks after the fire, Brown, the agent, sent
by defendant from New York, came to Lexington, examined
witnesses, books and papers in reference to the fire, and after
he had finished his investigation, declared to plaintiff that
there was fraud in the case, and expressed a suspicion that
they had set fire to the store.

On the 6th of February, 1866, one of the plaintiffs saw
defendant's general agent at Washington, and informed him
of the loss and the circumstances. The agent also expressed
the same suspicion; also, that the loss was overestimated.

Subsequently, on February 16th, proofs of loss were fur-
nished defendant at its New York office, and payment

demanded and refused, fraud being alleged as the ground of the refusal. No proofs of loss were produced, and nothing was said about them in the prior interviews with defendant's agents. Most of plaintiffs' books and bills of purchases were destroyed by the fire, and they were obliged to procure duplicate bills to make up their proofs of loss. The proofs, however, were completed and verified as early as January 8, 1866. No reason was disclosed by the evidence for the delay.

Upon plaintiffs' request, the court charged that, if the jury found that defendant at any time objected to the payment of the loss, on the ground of fraud, it was not essential for the plaintiffs to serve proofs of loss; that if defendant said that it would not pay the claim at all, that would, in law, be a waiver of the proofs of loss; that if defendant said it would not pay the claim because it was satisfied that a fraud had been perpetrated, that would be a waiver of the defense as to preliminary proofs of loss.

The charge in these respects was excepted to. *Held* (CHURCH, Ch. J., and MILLER, J., dissenting), that the charge was erroneous; that if proofs were not served in time, and the insurer had done nothing to induce the omission and so the assured had lost all rights under the policy, the fact that thereafter defendant refused to pay, without assigning any reason, or only assigning one of many, did not amount to a waiver, and did not estop it from insisting upon any other defenses. It was not bound to specify all of its defenses, on peril of losing those not specified. (*Diehl* v. *Adams Co. Mut. Ins. Co.*, 58 Penn., 452; *Trask* v. *Ins. Co.*, 29 id., 198; *Patrick* v. *Ins. Co.*, 43 N. H., 621; *Beaty* v. *Ins. Co.*, 66 Penn., 9; *Bennett* v. *Lycoming Co. M. Ins. Co.*, 67 N. Y., 274; *Underwood* v. *Farmers' Joint Stock Ins. Co.*, 57 id., 500.)

*Samuel Hand*, for appellant.

*Charles H. Hatch*, for respondents.

EARL, J., reads for reversal and new trial.

ALLEN, FOLGER and RAPALLO, JJ., concur in result for error in the charge; CHURCH, Ch. J., and MILLER, J., dissent; ANDREWS, J., absent.

Judgment reversed.