John Schroeder, Appellant, *v.* William H. Gurney et al., Respondents.

An unrecorded deed has a preference under the recording act over a subsequent judgment against the grantor, although he remains in possession.

The rule that resort may be had to a court of equity to set aside as a cloud on title an apparent lien or incumbrance, when its invalidity can only be established by extrinsic evidence which will not necessarily appear in any proceeding by a claimant to enforce the lien, is more particularly applicable where the extrinsic evidence is *parol ;* it does not apply when the evidence is a deed, on record in the same county clerk's office where a judgment is docketed under which a claim is made hostile to plaintiff's title.

Accordingly, *held,* where plaintiff claimed title under a deed which was unrecorded at the time of entry of judgment against the grantor, and of a sale thereunder, but which was subsequently recorded, that an action could not be maintained by him to set aside the sheriff's certificate of sale as a cloud upon his title.

(Submitted April 10, 1878; decided April 23, 1878.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 10 Hun, 413.)

This action was brought to set aside a sheriff's certificate of sale of certain real estate on execution as a cloud on plaintiff's title, and to restrain the sheriff from executing a conveyance.

On the 10th of July, 1866, Nehemiah Case, being seized in fee, and in the possession of fifty acres of land in the town of Brant (the real estate in question), conveyed the same by deed, expressing the consideration of one dollar, to Catherine M. Brierly, in trust, to receive the issues, rents and profits of said premises, and apply the same to the use of herself and Benjamin Welch Case during their natural lives. The deed provided that, " after the death of Catherine M. Brierly and Benjamin Welch Case, the premises should revert to the heirs of the grantor, in case the said Benjamin Welch Case should leave no lawful issue ; but, should he have such issue, the premises should belong to them." The deed was lost soon after its delivery, but was found some years afterwards, and was recorded March 1, 1875. Catherine M. Brierly died on the 25th September, 1870, leaving a will, by which she devised her interest in the premises to Benjamin Welch Case. On the 25th of March, 1872, Nehemiah Case, as special guardian of Benjamin Welch Case, who was an infant, pursuant to an order of the Erie County Court, granted on his application, in proceedings instituted for that purpose, sold the interest of the infant in said premises, and executed a deed thereof to the plaintiff, for the consideration expressed, of $2,000, which deed was recorded on the 9th of January, 1873. The plaintiff entered on the premises soon after, and has been in possession ever since. On 15th March, 1872, Nehemiah Case and his wife executed a deed of the premises to the plaintiff, which was dated January 1, 1868, and recorded February 12, 1875. The deed last mentioned was executed to supply the lack in the title caused by the loss of the deed of 10th July, 1866, and was executed for the same consideration as the deed of the special guardian. To secure the payment of such consideration, the plaintiff executed a mortgage on the premises to the treasurer of Erie

county, in trust for said infant, with interest payable semi-annually, the principal payable when the infant should reach the age of twenty-one years. The mortgage was executed pursuant to the contract of sale made in the County Court proceedings, and it contained a condition for the protection of the plaintiff against defect of title. The mortgage was recorded 25th March, 1872. The court found that the plaintiff purchased without actual notice of any trust affecting the title, and supposing that Mrs. Brierly and Benjamin Welch Case owned the property absolutely in fee.

The defendant, Gurney, claims the premises, as the purchaser, at a sheriff's sale, by virtue of an execution on a judgment against Nehemiah Case, docketed on the 29th September, 1868. The sale was made July 2, 1874, and the sheriff gave Gurney a certificate of the sale, which was duly filed and recorded.

*O. O. Cottle*, for appellant. There was such a cloud on the title as a court of equity will remove. (*Bigelow* v. *Finch*, 11 Barb., 499, 500; 2 Black. Com., 195, 500; *Crook* v. *Andrews*, 40 N. Y., 547; *Lounsbury* v. *Purdy*, 18 id., 515; *Burtus* v. *Amory*, 61 id., 619; 2 Barb. Ch., 31; 2 Sandf. Ch., 147.) The plaintiff's entry under deeds apparently given without right in the grantors constitutes an entry and possession adverse to the true title. (*Sands* v. *Hughes*, 53 N. Y., 287.) The court erred in holding that plaintiff had no interest sufficient to enable him to maintain this action. (11 Barb., 499; 1 H. & W., notes to Smith's Lead. Cas. [5th ed.], 158; *Bedloe* v. *Wadsworth*, 21 Wend., 120; *Fowler* v. *Poling*, 2 Barb., 300; 6 id., 166; 2 Black. Com., 195.) Defendants cannot derive any advantage from any technical defects in plaintiff's title. (*Craft* v. *Merrill*, 14 N. Y., 456.) Plaintiff was not bound to take notice of any fact in regard to the title impossible to be found out. (*Williamson* v. *Brown*, 15 N. Y., 354; *Jackson* v. *Van Valkenburg*, 8 Cow., 260; 1 Hare, 42.) After the execution of the deed to C. M. Brierly, there was no estate or interest remaining in Case

on which the judgment could be a lien, or which could be sold. (Sugd. on Power, chap. 10, § 6, par. 23, pp. 32, 33, 167; *Witts* v. *Boddington*, 3 Bro. C. C., 95; 5 Ves. Jr., 503; *Casserton* v. *Sutherland*, 9 id., 445; 1 Sch. & Lef., 90; *Marvin* v. *Smith*, 56 Barb., 600, 608.)

*Lewis & Gurney*, for respondents.    The deed from Nehemiah Case and wife and Catherine Brierly created an express trust in her for the benefit of B. W. Case. (3 R. S. [5th ed.], 16, § 55; *Vernon* v. *Vernon*, 23 N. Y., 351; *Selden* v. *Vermilyea*, 5 id., 525; *Tobias* v. *Ketchum*, 32 id., 319; *Noyes* v. *Blackman*, 6 id., 567; 53 id., 358; 3 id., 174, 191; 4 Hun, 290; 2 R. S. [6th ed.], 1109, note 7.)    Defendant Gurney, by virtue of his certificate of sale, has an interest in the premises, and this action cannot be maintained. (*Hardy* v. *Jones*, 5 Paige, 466; 7 id., 70; 3 R. S. [5th ed.], 10, §§ 11–16; 6 N. Y., 179, 186, 187; *Cox* v. *Clift*, 2 N. Y., 118; 16 id., 519; *Farnham* v. *Campbell*, 34 id., 480; 14 id., 9; *Hatch* v. *City of Buffalo*, 38 id., 276; 5 Ves., 293; Story's Eq., § 700; *Chaut. Co. Bank* v. *White*, 6 N. Y., 236; *Washburne* v. *Burnham*, 63 id., 132.)    The County Court of Erie county had no jurisdiction to order a sale of the premises contrary to the provisions of the deed from Case to Brierly. (3 R. S. [5th ed], 276, § 106; *Shumway* v. *Cooper*, 16 Barb., 556; *Rogers* v. *Dill*, 6 Hill, 416.)    Plaintiff had merely a bare, naked possession, which was not · a sufficient title to enable him to maintain this action. (*Philip* v. *Mayor*, etc., 2 Hun, 212; *Townsend* v. *Goelet*, 11 Abb. Pr., 187; *Bissell* v. *Kellogg*, 60 Barb., 617; *Fowler* v. *Poling*, 2 id., 300.)    As the trust deed was recorded the sheriff's certificate was not a cloud on the title. (*Ward* v. *Dersey*, 16 N. Y., 522; *Avering* v. *Foote*, 43 id., 293; *Marsh* v. *Cith of Brooklyn*, 59 id., 280; *Washburne* v. *Bresbane*, 63 id., 132.)

MILLER, J.    A court of equity will interpose its power to set aside or cancel an instrument which is absolutely

void, either by statute or by the principles of the common law, by what is familiarly known as a bill of *quia timet.* This action is sustained upon the doctrine that when a person is apprehensive of being subjected to a future inconvenience, probable, or even possible, to happen, or to be occasioned by the neglect, inadvertence or culpability of another (as well as in some other cases, which are founded upon the same principle), a bill of this description may be exhibited, which will quiet the party's apprehension of a future inconvenience, by removing the causes which may lead to it. (1 Mad. Ch. Pr., 178; Willard's Eq. Jur., 303.) The ground of relief by cancellation of an instrument is the danger that the rights of the complaining party may be put to hazard by reason of the cloud cast over the title to his land, if the instrument be suffered to remain.

It will thus be seen that the rule rests upon the ground that there is something to fear, or some valid reason for apprehension from the title claimed, or which may be claimed, under the instrument, which is the cause of such fear or apprehension, that may interfere with, or impair the rights of the party whose interests are involved. An idle or groundless suspicion, or a baseless fear, is not sufficient to authorize such an action, but in the papers or proceeding it must appear that there is some difficulty or obstacle which may interfere with the enjoyment of the plaintiff's rights and affect the title to his land.

We think that the instrument against which the plaintiff asks the interposition of the court presents no case which entitles him to the relief sought. Whatever right the plaintiff has acquired is founded upon the trust deed executed by Nehemiah Case, which divested him of all title to the premises, except a possible contingent remainder, which, so long as the trust existed, was not liable to be sold. (*Briggs* v. *Davis*, 20 N. Y., 16; 21 id., 574.) Whether that contingent remainder is the subject of sale, under a judgment, is not necessary now to determine, and no discussion of that question being required, on this appeal, we proceed to a consideration of the other points involved.

The judgment against Nehemiah Case, upon which a sale was made of the land, as it was docketed after the execution and delivery of the trust deed, was not such a lien upon the land as authorized a sale thereof, and hence could not, as long as the trust existed, be a cloud upon the plaintiff's title to the same. That the deed was not recorded when the judgment was obtained cannot affect the rights of the parties, nor does it make any difference, because Case was in possession at that time. A deed unrecorded, under the recording act, has a preference over a judgment which is subsequent in point of time. Even if it was an apparent lien, before the trust deed was recorded, and while Nehemiah Case was in possession, it ceased to be so, upon the deed being put on record. All this was changed by the recording of the deed, and it then appeared that there was a trust deed of the premises anterior as to the time of its execution to the judgment, and this fact of itself gave a preference to the trust deed. The case then stood with a deed which had precedence, and a judgment on record which could not affect its validity under any circumstances.

So far as the title to the premises is concerned, or the title of the plaintiff, the judgment, the sale under the same, and sheriff's certificate, they cannot affect the plaintiff's rights under the trust deed. The defendant Gurney purchased, with full notice of the existence of the deed, and of the rights of the plaintiff. He acquired no right or title thereby, as the entire record showed that he had none. He could have maintained no action to recover the premises, even if he had acquired a sheriff's deed, as the trust deed would be a perfect defense to any claim he might make. Whatever title therefore the plaintiff had was not affected at all, and he was not under the necessity of resorting to evidence outside of the record to establish an entire defense to the claim, under the defendant's deed. The plaintiff had nothing to fear from the judgment and certificate, and the case does not come within the rule, that relief will be granted by a court of equity where extrinsic evidence, which will not necessarily

appear in the proceedings by the claimant to enforce the lien, is required to show the invalidity of an instrument, which constitute an apparent cloud upon a title. (*Marsh* v. *The City of Brooklyn*, 59 N. Y., 550; *Washburn* v. *Burnham*, 63 id., 132.) This rule is more particularly applicable where parol evidence is required, and does not, we think, embrace a case similar to the one at bar, where the entire evidence is a deed on record, in the same county clerk's office, where the judgment is docketed, under which the claim is made. The cases show that considerable importance is attached to the fact that the evidence depends upon oral testimony that the supposed conveyance or the instrument is void. (*Van Doren* v. *The Mayor*, 9 Paige, 388; *Ward* v. *Dewey*, 16 N. Y., 522; *Overing* v. *Foote*, 43 id., 293.)

No such evidence would be required to vindicate whatever right the plaintiff may have. The deed to the plaintiff, of itself, would be all that is necessary to make out a defense to any claim under the certificate of sale or a sheriff's deed, in an action to recover the premises. Having been recorded the law presumes that it was delivered to the grantor. It could not be lost, and would be easy of access, to explain any such claim as might arise under the certificate. It is entirely obvious that there is nothing which demands explanation, by oral testimony or otherwise, than what the record makes plain, and the plaintiff cannot maintain an action to remove a cloud on his title, as none such appears.

As there was no ground for apprehension, by reason of the judgment and sheriff's certificate ; without considering other questions, the judgment should be affirmed.

All concur.

Judgment affirmed.