EDWIN R. BRINK et al., Respondents, *v.* THE HANOVER FIRE INSURANCE COMPANY, Appellant.

Defendant issued to plaintiffs a policy of fire insurance upon merchandise in a store in L., North Carolina. The policy contained a condition requiring proofs of loss to be filed as soon as possible after a fire. The property was destroyed by fire November twenty-third. Immediately thereafter an agent from defendant's North Carolina agency went to L. to make investigations, and subsequently one went from New York. These investigations extended until some time in December, and required the presence of the insured. Their books and papers were nearly all destroyed, and they were obliged in preparing the proofs to obtain from New York and elsewhere duplicates of bills of purchases, and to make a detailed inventory of all the items of the stock, which was large, with their value, and a like inventory of the property saved. A considerable portion of the goods were purchased for cash, in small parcels, and plaintiffs were unable to procure bills in many cases. Charges of fraud in burning the store, and as to the quantity and value of the goods destroyed, were made against them. The papers were finished by one of the plaintiffs January seventh, and transmitted to the other at Washington to verify. After examination he returned them to his partner in North Carolina for further examination and explanation, and this was repeated. They were finally completed and forwarded to New York to plaintiff's attorney to be filed, February seventh. There was evidence to the effect that on that day defendant's general agent, on being advised by the plaintiff in Washington that the proofs had been sent on, stated that he would not be able to take them up for examination until the latter part of the week after, and consented that

they might be recalled to enable plaintiffs to examine them together. This was done and they were returned and filed February sixteenth. In an action upon the policy, *held*, that the facts authorized a finding that reasonable diligence was exercised in furnishing proofs; and that this was all the policy required.

Defendant received the proofs without objection, retained them, examined plaintiffs in respect to them, and then decided not to pay upon the ground of fraud, and so declared to plaintiffs. *Held*, that from the failure of the defendant to raise the question of forfeiture it was to be presumed it did not then suppose any forfeiture had taken place; and that this was proper to be considered by the jury upon that question; also, that defendant was estopped from claiming a forfeiture.

A condition in a policy of fire insurance requiring the filing of proofs of loss, being for the benefit of the company, it may waive a forfeiture resulting from a failure to comply therewith; and if it waives the condition, it cannot afterwards recall the waiver and insist upon the forfeiture.

Such companies may refuse to pay a loss without specifying any ground, and when sued may insist upon any available ground; but if they plant themselves upon a specified defense and so notify the assured, they should not be permitted to retract after he has acted upon their position as announced, and incurred expenses in consequence of it.

If a company intends to avail itself of the objection that proofs were not filed in time, it should refuse to receive them on that ground, or at least promptly notify the assured of its determination, otherwise the objection will be regarded as waived.

*Brink* v. *H. F. Ins. Co.* (70 N. Y., 593), distinguished.

One of the plaintiffs as a witness for them was asked: "So far as you could individually, did you get those proofs of loss forwarded as soon as it was possible for you to do so?" This was allowed under objection and exception. He answered: "I did all in my power to have them forwarded at the earliest possible moment." *Held*, competent; that the question called for a fact within the knowledge of the witness.

*Carpenter* v. *E. Tr. Co.* (71 N. Y., 530), distinguished.

(Argued January 21, 1880; decided February 24, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiffs, entered upon a verdict. (See mem. of decision on former appeal, 70 N. Y., 593.)

This action was upon a policy of fire insurance covering a stock of goods in plaintiffs' store at Lexington, North Carolina. The answer set up fraud in over valuation and in the statements as to loss. The policy contained a condition requiring the assured in case of loss, forthwith to give notice of

loss to defendant, and "as soon after as possible render a particular account signed and sworn to by them."

The facts are sufficiently set forth in the opinion.

*Samuel Hand*, for appellant. It was error to receive the answer of the witness to the question whether he got and forwarded the proofs of loss as soon as possible. (*Carpenter* v. *Eastern Tr. Co.*, 71 N. Y., 580.) Plaintiffs are concluded as to value of the goods in the store at the time of the fire, by the proofs of loss filed by them. (*Irving* v. *Excel. F. Ins. Co.*, 1 Bosw., 507; Flanders on F. Ins.. 373.)

*Charles H. Hatch*, for respondents. Plaintiffs are not estopped by an erroneous statement or honest mistake in their proofs of loss. (*McMasters* v. *Prest., etc., of Ins. Co. of N. Am.*, 55 N. Y., 231, 232.) Defendant having received and retained the preliminary proofs of loss until the trial without objection, is estopped from saying they were not served in time, and waived this defense. (*Williams* v. *Mech. and Traders' Ins. Co.*, 54 N. Y., 577; *Arizona F. Ins. Co.* v. *Kranich*, 36 Mich., 293; *McMasters* v. *Ins. Co. of North America*, 55 N. Y., 222; *Norwich and N. Y. Trans. Co.* v. *Western Ins. Co.*, 34 Conn., 561; U. S. Cir. Ct., District of Conn. [April, 1868]; 6 Blatch., 241; 12 Wall., 134; *Schenck* v. *Mercer Co. Mut. Ins. Co.*, 4 Zabr., 447; *Allegre* v. *Md. Ins. Co.*, 6 Har. & John., 408; *McMaster* v. *Westch. Co. Mut. Ins. Co.*, 25 Wend., 379; *Francis* v. *Ocean Ins. Co.*, 4 Cow. [U. S. L. C.], 404; *Taylor* v. *Mer. F. Ins. Co.*, 9 How., 390; *O'Niel* v. *Buff. F. Ins. Co.*, 3 Comst., 122; *Maryland Ins. Co.* v. *Bathurst*, 5 Gill. & Johns., 159; *Graves* v. *Washington M. Ins. Co.*, 12 Allen, 391; *Home Ins. Co.* v. *Cohen*, 20 Grattan, 312; *Viele* v. *Germania F. Ins. Co.*, 26 Iowa, 9; *Georgia Ins. Co.* v. *Kurner's Admin'x*, 28 Grattan, 88; *Bennett* v. *Md. F. Ins. Co.* [U. S. Dist. Ct., N. D. N. Y., 1878], Alb. Law J., 363; *Owens* v. *Farmer's J. S. Ins. Co.*, 57 Barb., 518; *Pechner* v. *Phœnix Ins. Co.*, 65 N. Y., 209; *Pitney* v.

*G. F. Ins. Co.*, id., 6; *Dolan* v. *G. F. Ins. Co.*, 5 Lans., 276; *Baggerly* v. *G. F. Ins. Co.*, 72 N. Y., 607; *Van Allen* v. *G. F. Ins. Co.*, id., 604; *Goodwin* v. *Mass. Mut. L. Ins. Co.*, 73 id., 480; Sansura Digest, 1105, § 10; *St. Louis Ins. Co.* v. *Kyle*, 11 Mo., 278; *Patrick* v. *Ins. Co.*, 43 N. H., 621; *Noyes* v. *Ins. Co.*, 30 Vt., 569; *Peoria M. and F. Ins. Co.* v. *Lewis*, 18 Ill., 553; *O'Neil* v. *Buffalo F. Ins. Co.*, 3 Comst., 122; *Bumstead* v. *Dividend Mut. Ins. Co.*, 2 Ker., 81; *Peoria M. and F. Ins. Co.* v. *Whitehill*, 25 Ill. [1861], 46; *Brown* v. *Kings Co. Fire Ins. Co.* [Sup. Ct.], 31 How., 508; *Van Duzen* v. *Charter Oak F. and M. Ins. Co.*, 1 Abb. [N. S.], 349; 1 Rob., 55; *Post* v. *Ætna Ins. Co.*, 43 Barb., 351; *Dean* v. *Ætna Ins. Co.*, 2 Hun, 371; *Hartford Protection Ins. Co.* v. *Harmer*, 2 Ohio State [22 Ohio], 452; *Ins. Co of North America* v. *McDowell*, 50 Ill. [1869], 120; *Lycoming Ins. Co.* v. *Schaffer*, 6 Wr. 188; *Lycoming Ins. Co.* v. *Updergraff*, 4 id., 311; *Schenck* v. *Mercer Co. Mut. Ins. Co.*, 4 Zabr., 447; *Clark* v. *New England Mut. Ins. Co.*, 6 Cush., 342; *Underhill* v. *New England Mut. Ins. Co.*, 6 id., 440; *Heath* v. *Franklin F. Ins. Co.*, 1 id., 257; *Vos* v. *Robinson*, 9 J. R., 132; *McMaster* v. *Westchester F. Ins. Co.*, 25 Wend., 779; *Ætna F. Ins. Co.* v. *Tyler*, 16 id., 385, 401; 2 Bennett Fire Ins. Cases, 54, 644; 1 id., 576; *Goodwin* v. *Mass. Mut. Life Ins. Co.*, 73 N. Y., 496.) As to what constituted reasonable time and diligence was a question of fact for the jury. (*Edward* v. *Baltimore F. Ins. Co.*, 3 Gill., 177, 188, 189.)

CHURCH, Ch. J.    There seems to have been a misapprehension at the trial, as to the point decided by this court, when the case was here for review before.* The judgment was reversed upon a single paragraph in the charge of the trial judge, to the effect that if at any time the defendant objected to paying the loss upon the ground of fraud, no proofs of loss need be served, a majority of the court being of the opinion that the charge was too broad, and might include mere inci-

---

* See mem. of decision, 70 N. Y., 593.

dental declarations, not indicating a fixed purpose on the part of the company, or relied upon by the assured. The court did not decide that an insurance company could not effectually waive a forfeiture by a failure to file proofs of loss within the time specified, without an agreement based upon a new consideration, or when the circumstances did not create a technical estoppel, and that portion of the opinion was not concurred in. Subsequently this court on two occasions expressly repudiated this doctrine, and held that a forfeiture for that cause might be waived by proof of an express waiver, or by acts or conduct from which an intention to waive is expressly inferable. (*Goodwin* v. *Mass. Mutual Life Ins. Co.*, 73 N. Y., 430; *Prentice* v. *Knickerbocker Life Ins. Co.*, 77 id., 483.)

In the last case ANDREWS, J., said: "It is now understood to be the doctrine of this court that no new consideration is required to support a waiver by an insurance company of a condition in respect to the time of serving proofs of loss, and that it may be done by acts and conduct indicating an intention to waive such condition, occurring subsequent to the breach of the condition, although there may be no technical estoppel." The filing of proofs of loss by a specified time, is a condition made for the benefit of the company which it may avail itself of or not, and if it determines to waive it, it cannot afterwards recall the waiver, and insist upon the forfeiture. In nearly all the cases where this question is presented however, there exists all the elements of an *estoppel.* This is true in the case at bar. The condition was that the proofs of loss should be filed as soon as possible after the fire, which means that they must be filed within a reasonable time under the circumstances presented, and with reference to the obstacles and difficulties to be overcome. Although a considerable period elapsed before they were filed, the company received them without objection not only, but retained them, examined the insured in respect to them, and decided not to pay the loss upon the ground of fraud, and so declared to the assured. Thereupon the action was com-

menced, and at the trial the company failed to prove the charge upon which it relied, and then sought to raise the question of the time of filing the proofs of loss. I think it was *estopped* from so doing. The plaintiff's claim was challenged for fraud, and that only. They acted upon it, and brought an action incurring large expenses in its prosecution. *Non constat*, if the failure to file the proofs in time had been insisted on, but that the plaintiff would have acquiesced in it, and refrained from prosecuting, and thus they might be injured by the change of ground on the part of the defendant. Every consideration of public policy demands that insurance companies should be required to deal with their customers with entire fairness and frankness. They may refuse to pay without specifying any ground, and insist upon any available ground, but if they plant themselves upon a specified defense, and so notify the assured, they should not be permitted to retract after the latter has acted upon their position as announced, and incurred expenses in consequence of it. If a company intends to avail itself of the technical objection that the proofs are not filed in time, common fairness requires that it should refuse to receive them on that ground, or at least promptly notify the assured of their determination, otherwise the objection should be regarded as waived.

The trial judge in this case did not submit any question to the jury as to a waiver, but submitted only the question as to the proofs whether they were filed within a reasonable time, and with reasonable diligence after the fire. An exception was taken to this submission, and it is insisted that the evidence was not sufficient to authorize the jury to find for the plaintiffs.

We are of opinion that there was ample evidence to justify the submission and the finding. The fire was on the twenty-third day of November, and the proofs were filed on the sixteenth day of February following. The property destroyed was merchandise in a store in North Carolina. Immediately after the fire an agent from the North Carolina agency went to the place of the fire, to make an investigation, and subes-

quently another from New York. These investigations occupied several days, and until some time in December, and required the presence of the insured. The books and papers of the insured were nearly all destroyed by the fire, and they were obliged in preparing the proofs of loss, to obtain from New York, and elsewhere, duplicates of bills of purchase, to make a detailed inventory of all the items of a large stock of miscellaneous goods, with the value of each article, and a like inventory of property saved. A considerable portion of the goods was purchased for cash, and many of them in small parcels, and the plaintiffs were unable to procure bills in many cases. Besides the plaintiffs were incited to care and caution by the repeated charge of fraud made against them, not only in burning their store, but as to the quantity and value of the goods destroyed. The papers were finished by one of the plaintiffs on the seventh of January, and transmitted to the other to verify at Washington, where he had gone to remain for some time. After an examination by the latter he returned them to his partner in North Carolina for further examination and explanation, and this was repeated. They were finally completed and transmitted to New York on the seventh of February, to the attorney of the plaintiffs to be filed. On that day there was evidence, from which the jury might have found, that the general agent of the company, upon being informed by the plaintiff then in Washington, that the proofs had been sent on to be filed, stated that he would not be able to take them up for examination until the latter part of the week after, and consented that they might be recalled to enable both plaintiffs to examine them together ; that this was done, and they were returned and filed and acted upon by defendant without a suggestion that they were not filed in time. Considering the circumstances, and the difficulties surrounding the parties, the jury were fully justified in finding that reasonable diligence was exercised by the plaintiffs, and the facts disclosed are significant of an implied admission on the part of the company, that the plaintiffs had not forfeited the policy for that reason,

and that the proofs were filed in time.   It is to be presumed that if the defendant at the time believed that the plaintiffs were guilty of all the charges imputed to them, and that they had forfeited their claim under the policy by a failure to file proofs in time, it would have specified that as one of the grounds for refusing payment, and its omission to do so under the circumstances is more than suggestive, that it did not then suppose that any such failure had taken place, and this circumstance was proper to be considered by the jury upon the question submitted to them.   The entire treatment of the question of filing proofs of loss by the trial judge was quite as favorable to the defendant as the facts would justify.

The question whether the tobacco in the store constituted a part of the stock of merchandise insured, and the question whether the quantity was correctly or fraudulently stated in the proofs of loss were fairly submitted to the jury under proper instructions.   The same is true of the questions relating to powder in the store, and the effect of a misstatement in regard to it in the proofs.

The charge as a whole presented the questions fairly to the jury, and none of the exceptions thereto, or to the refusals to charge as requested, were well taken.

An exception was taken overruling an objection to this question to plaintiff Estes : " So far as you could individually, did you get those proofs of loss forwarded as soon as it was possible for you to do so ? "   The answer was : " I did all in my power to have them forwarded at the earliest possible moment."   It is urged that it is not competent for a witness to testify to the very conclusion of fact which the jury are to pass upon.   But there are questions of this character, which the trial judge may allow in that form without committing a legal error.   In general, facts should be stated, and inferences left to the jury.   But here it might be difficult to draw a correct conclusion from the facts stated, or rather the fact of diligence might be left uncertain from the other facts stated.   In such a case it is not legal error to allow such a question.   Whether a person trans-

acted a specified business as soon as he could, is a fact pecu-
liarly within his own knowledge. A person is to walk a
mile as soon as he can. From the fact that it occupied
half an hour, a jury would be puzzled to determine whether
he did it as soon as he could, or not. Besides the question
was not whether the proofs of loss were presented as soon
as possible, which was the question for the jury, but whether
the witness individually did all he could to have them pre-
sented. The question held incompetent in *Carpenter* v.
*Eastern Transportation Co.* (71 N. Y., 580) was quite dif-
ferent. There the question was whether another person in
the opinion of the witness omitted or neglected any duty in
respect to a certain matter. In the case at bar it was sought
to prove a fact, not an opinion within the knowledge of the
witness. While it would not have been a legal error to
have sustained the objection, I am of opinion, under the
circumstances of this case, that it was not a legal error to
overrule it. The object of all examinations in judicial tri-
bunals is to elicit truth, and there are many cases where the
form of questions, and the manner of examination must be
left to the discretion of the trial judge. No injustice could
have been done, because the answer would not be likely to
prevail against facts which might be drawn out on cross-
examination, or proved by other witnesses inconsistent with
it. The question to the plaintiff Estes, whether the conver-
sation with Stoddard related to the time of filing proofs was
not incompetent except that it was leading, which was not
made a ground of objection. If the plaintiff so understood
it, he might be excused for a few days delay, if he acted
upon the faith of it, even if he was mistaken. The judge
charged that the conversation did not amount to a waiver,
which was more favorable to the defendant than it could
ask as matter of law.

I do not think any error of law was committed on the trial
against the defendant, and the judgment must be affirmed.

All concur; FOLGER and EARL, JJ., in result.

Judgment affirmed.