EPHRAIM KARELSEN AND MARTIN LIPMAN, APPELLANTS, *v.* THE SUN FIRE OFFICE OF LONDON, RESPONDENT.

*Proofs of loss — when defects in them are waived by their acceptance by the company — what is not a sufficient notice of its intention to rely upon such defects as a defense.*

Upon the trial of this action, brought by the plaintiffs upon a policy of insurance alleged to have been issued by the defendant upon property belonging to the plaintiffs, the complaint was dismissed upon the ground that the proofs of loss furnished by the plaintiffs did not accord with the terms of the defendants' policy. To prove a waiver on the part of the company a letter to the plaintiffs, written by the defendant's manager, was put in evidence, in which he said, without admitting anything, you are hereby notified that this company has not admitted, and does not admit, any liability whatever, for and on account of said alleged loss, or the validity of any claim made therefor, nor the correctness of any statement in said papers (referring to the proofs of loss) contained; that this company has not waived, and does not and will not waive, anything, and expressly reserves any and all objections to any and all claims that have been or may be made by you, or on your behalf, against this company for and on account of said alleged loss.

*Held,* that as the loss was disputed upon the ground that no contract of insurance existed, and the proofs of loss were retained and no notice was given in the letter of their insufficiency, the court erred in dismissing the complaint upon the ground that the proofs of loss were defective.

APPEAL from a judgment entered upon an order of the court dismissing the plaintiffs' complaint.

This action was brought to recover the sum of $25,000 due on an agreement, which the plaintiffs ·claimed had been made by the defendant company, to insure a stock of merchandise belonging to the plaintiff. On the morning after the fire, which occurred on September 3, 1885, proofs of loss were served on the defendant company, by which they were retained. Thereafter the following letter was written to the plaintiffs by the defendant's manager.

"NEW YORK, *September* 22, 1885.

"To the SHAPED SEAMLESS STOCKING Co:

"In order that it shall not at any time be claimed or pretended that this company, by receiving or retaining or omitting to object to the papers purporting to be proof of loss alleged to have been sustained by you, by the destruction of or damage to machines and machinery and stock contained in a brick building on Randall's Island, New York, which papers were sent to and left at the office of this Company, on the 15th day of September, 1885, admitted the propriety or regularity of the delivery or service of such papers or the sufficiency of such papers, or assented thereto, or admitted the truth or correctness of any statement therein contained, or the existence of any claim whatever against this Company for or by reason of such alleged loss.

"You are hereby notified that this Company has not admitted and does not admit any liability whatever for or on account of such alleged loss, or the validity of any claim made therefor, nor the correctness of any statement in said papers contained. This company has not waived and does not and will not waive anything, and expressly reserves any and all objections to any and all claims that have been or may be made by you, or on your behalf, against this company for and on account of said alleged loss.

"SUN FIRE OFFICE OF LONDON,
"By R. C. RATHBONE,
"*Manager.*"

*Adolph L. Sanger,* for the appellants

*Charles B. Alexander,* for the respondent.

VAN BRUNT, P. J.:

The only question which need be considered upon this appeal is as to the sufficiency of the proofs of loss attempted to be furnished to the defendant upon the part of the plaintiffs. The objection that there were not sufficient parties plaintiff was not available to the defendant, as no such defense was set up in the answer. It is true that the alleged co-partnership was denied, but such a denial is not sufficient to sustain a claim upon the part of the defendant that there were other partners in the firm beside those alleged in the complaint. If the defendant desired to avail themselves of this defense, they should have alleged who they were, and that they were still living so that the plaintiffs could have been informed as to the precise claim made by the defendant in this respect, and have amended their proceedings accordingly, if they were so advised. Under a simple denial of an allegation of partnership a defendant cannot claim that there are other persons interested in the firm who should have been made parties plaintiff.

The proofs of loss do not accord with the terms of the defendant's policy as set forth in the complaint, among other things, in that they were not signed by the plaintiffs or either of them, nor were they verified by their oath or affirmation, and unless there has been some waiver, either express or implied, of this condition, the objection now taken must be fatal to the plaintiffs' claim. The alleged proofs of loss were served on the defendant on the 15th of September, 1885, and on the twenty-second of September, the manager of the defendant sent the very remarkable letter of that date, in which it is evident that he desired to keep alive all objections to the proof and the claim, and to keep the plaintiffs in entire ignorance as to what objection he had to the proofs as served. In this, however, we think he has failed.

The whole of the first part of the letter is qualified by the last paragraph. The manager says to the plaintiffs, without admitting anything, you are hereby notified that his company has not admitted any liability and does not admit any liability whatever for and on account of said alleged loss, or the validity of any claim made therefor, nor the correctness of any statement in said papers (referring to proofs or loss) contained; that his company has not waived and does not and will not waive anything and expressly reserves

any and all objections to any and all claims that have been or may be made by you or on your behalf against his company for and on account of said alleged loss.

In his notice the manager gives no notice of the insufficiency of the papers; his notice is that he does not admit any liability or the correctness of any statement in the papers contained. The papers called proofs of loss were retained by the defendant; it pointed out no defects in them. The sole tenor of its notice was that they would not admit the claim, and that it must not be considered as admitting the correctness of any statement in the papers by their retention. If the defendant desired to object to the form of the proofs of loss they were bound to give notice of that fact, so that they might be corrected. This course, which ordinary fairness would seem to have dictated, the defendant carefully avoided doing, and by its letter of September twenty-second it seems to have desired to mislead the plaintiffs as to the grounds of its refusal to pay, while endeavoring to retain any other objection which the ingenuity of its manager might subsequently discover.

The loss was disputed upon the ground that no contract of insurance existed, and to that point was the attention of the plaintiffs directed; and as the proofs of loss were retained, and no complaint made as to any particular omissions or defects in the proofs of loss, the plaintiffs had the right to assume that the contention was to the fact of the existence of the contract of insurance. (*Brink* v. *Hanover Ins. Co.*, 80 N. Y., 112; *Hermann* v. *Niagara Ins. Co.*, 100 id., 411.) Under this condition of the evidence it seems to have been error to have dismissed the plaintiffs' complaint upon the ground that the proofs of loss were insufficient.

Judgment must be rendered and a new trial ordered, with costs to appellants to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.