INSURANCE CO. OF NORTH AMERICA v. JOHNSON.

(Circuit Court of Appeals, Sixth Circuit. October 8, 1895.)

No. 304.

1. MARINE INSURANCE—ABANDONMENT.

In the absence of a requirement thereof in the policy, it is not necessary that an abandonment to the insurer of the interest of the assured, so far as covered by his policy, in a vessel of which there has been a constructive total loss, should specify the exact fractional interest conveyed.

2. SAME—WAIVER OF FORMAL OBJECTIONS.

An absolute rejection by a marine insurer of an abandonment which contains an offer to make any further conveyance or assurance of title to the abandoned vessel which may be required is a waiver of the right to object to the form of the abandonment.

3. SAME—PRESUMPTION OF TITLE.

Where a person is shown to be the owner of a ship, or an interest therein, and conveys the same, with an agreement to warrant the title as free and unincumbered, there is a presumption, in the absence of other evidence, that the title is unincumbered.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

This was an action by Henry J. Johnson against the Insurance Company of North America on a policy of marine insurance. The plaintiff recovered judgment in the circuit court. Defendant brings error. Affirmed.

C. E. Kremer, for plaintiff in error.

Harvey D. Goulder, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge. The action below was by Henry J. Johnson, defendant in error, against the Insurance Company of North America of Philadelphia, plaintiff in error, to recover the sum of $10,000, the full amount of a policy issued by the company to Johnson, as the owner of three-fourths interest in a lake steamer called the "V. Swain." The steamer was valued, by agreement in the policy, at $33,600, and the limit of insurance on the interest insured was $21,600. The policy covered only total loss and general average. The vessel was burned to such an extent that Johnson claimed that under the terms of the policy it was a constructive total loss, giving him the right to abandon the vessel and recover the full amount of the policy. It was conceded that, in order to establish his right to abandon, Johnson was obliged to show that it would have cost more than $25,200 to repair the vessel and to restore it to its former condition. The defendant company made two points below, and makes but two here. The first is that there was no lawful abandonment, and the second that there was not sufficient evidence to show that it would have cost the required amount to repair the vessel.

The abandonment was in the following terms:

"November 20, 1893.

"To the Insurance Company of North America, George L. McCurdy, Manager, Chicago, Ills.—Dear Sir: Please take notice that I hereby abandon to

you my interest in the steamer V. Swain, so far as covered by your hull policy No. 1,967, insuring $10,000 on my three-quarters interest upon a valuation of $33,600 for the whole vessel. Said steamer caught on fire, by which, on or about October 10, 1893, she was so greatly damaged as to become a constructive total loss, under the terms and agreements of your said policy. In making this abandonment I reserve all the uninsured interest to which I am entitled. I further hereby warrant and agree to defend the interest hereby conveyed and abandoned to you against all and every person or persons whomsoever, and against all claims of every nature, and propose to make, execute, and deliver to you any further conveyance or assurance of title which you may reasonably require.

"Very respectfully, yours,     H. J. Johnson."

"Insurance Company of North America of Philadelphia.

"Chicago, Nov. 23rd, 1893.

"H. D. Goulder, Esq., Cleveland, Ohio—Dear Sir: Your favor of the 22nd received. I note that you have brought suit in the matter of the Swain. I received the notice of the abandonment, and hereby notify you that I decline to accept same. Is it necessary for me to notify the assured, or will this notice of declination be sufficient? I regret that the assured has seen fit to take this matter into court. * * *

"Yours, truly,     George L. McCurdy, Manager."

Upon the question whether the cost of the necessary repairs to restore the vessel to its former condition would exceed $25,200, so as to create a constructive total loss, the issue was fairly presented to the jury, and the jury found the fact in favor of the plaintiff. The evidence set forth in the record is quite sufficient to justify the verdict. It is not for this court, on a proceeding in error in a case at law, to weigh conflicting evidence. The verdict of the jury is conclusive upon this issue.

With reference to the sufficiency of the abandonment, it is first objected that there was no evidence before the jury to show that Johnson had an unincumbered title to the vessel, as required by the policy. The language of the policy upon this point was as follows:

"Moreover, no abandonment in any case whatever, even when the right to abandon may exist, shall be held or allowed, as effectual or valid, unless it shall be in writing signed by the insured, and delivered to the said company or its authorized agent; nor unless it shall be efficient, if accepted, to convey to and to vest in the said insurance company an unincumbered and perfect title to the subject abandoned."

The evidence did show that Johnson was the owner of the interest insured. This was admitted in the pleadings. No instruction was asked from the court, based on the alleged defect in the plaintiff's proof, and we think it too late now, for the first time, in the court of appeals, for the defendant below to make it. More than that, we are of opinion that where a person is shown to be the owner of a ship, or an interest therein, and conveys the ship with an agreement to warrant the title as free and unincumbered, there is a presumption, in the absence of other evidence, that the title is unincumbered.

Finally, it is objected that the abandonment is not in proper form, because it does not set out the exact interest of the plaintiff intended by him to be reserved in the ship. We are not called upon to decide the question whether the plaintiff had an uninsured interest in the vessel, which he was entitled to reserve on abandonment, for the

affirmative of that question is conceded by defendant's counsel. The only question presented to us, therefore, is whether the abandonment was fatally defective because the plaintiff did not give by the exact fraction the interest sought to be abandoned. It is well settled that no particular form of words in an abandonment is necessary to make it legal, and that the mere form of expression used is not material, provided the policy does not stipulate otherwise. All that is necessary is that the intention to abandon shall be made clear enough fully to advise the underwriter that the vessel is turned over to him for the purpose. 2 Phil. Ins. §§ 1678, 1680; 2 Arn. Ins. (6th Ed.) p. 957; Comegys v. Vasse, 1 Pet. 213; Insurance Co. v. Southgate, 5 Pet. 604. We have found no authority which prescribes that an abandonment must state with mathematical exactness the interest conveyed. The terms of this policy require a certain form of abandonment, but there is no requirement that the exact interest of the assured shall be specified. The policy requires that it shall be in writing signed by the insured, and delivered to the company or its authorized agent. In these respects the abandonment in question is certainly sufficient. A further provision is that it must be efficient, if accepted, to convey to and vest in the insurance company an unincumbered and perfect title to the subject abandoned. The abandonment was of the plaintiff's interest, so far as covered by the policy. The reservation was of the uninsured interest to which Johnson was entitled. Reading the two together, all that Johnson reserved was that which was not covered by the policy. Certainly this written abandonment worked a transfer of title to the insurance company, in accordance with the requirements of the policy, to the subject abandoned. That was its legal effect, and it could leave no doubt in the mind of the company of its right, if it chose to accept the act of abandonment, to proceed at once to take charge of the vessel and repair and sell the interest insured under the policy. If the plaintiff below had any interest which was uninsured, he, of course, was entitled to hold the company as the trustee for that part of the proceeds of the vessel. More than this, even if the form of abandonment was objectionable because of the indefiniteness of the reservation, this cannot now be made the basis of an objection. The abandonment was rejected absolutely, as we see from the letter of July 5th. If it were based on any formal ground, as, for instance, the indefiniteness of the abandonment, it would have been but fair in the defendant to say so at the time. The plaintiff proposed, in his letter of abandonment, to make any further conveyance or assurance of title which might be required. This was an invitation to object to the form of abandonment if unsatisfactory. Under such circumstances, a failure to object to the form of the abandonment at the time must be held to have been a waiver of any such objection. This is a reasonable application of the same doctrine which obtains in presenting claims for fire insurance indemnity. In such a case, if the insurer makes only a general objection to payment of the loss, on the ground that it did not exist, and points out no specific defect in the proof of loss, the company cannot thereafter set up a defect therein as a defense to recovery. Tayloe v. Insurance Co., 9 How. 403; Insurance Co. v.

Pendleton, 112 U. S. 709, 5 Sup. Ct. 314; Brink v. Insurance Co., 80 N. Y. 113; Insurance Co. v. Lawrence, 10 Pet. 507, 514; Insurance Co. v. Hamilton, 16 U. S. App. 366, 378, 8 C. C. A. 114, and 59 Fed. 258. The judgment of the court below is affirmed, with costs.