## RUMBLE v. SMITH.

(Supreme Court, Special Term, New York County. February 21, 1910.)

1. QUIETING TITLE (§ 7*)—CLOUD ON TITLE—ACTION TO REMOVE—"RECORD."
    As used in the rule that an action in equity to remove a cloud on title can be maintained only when some evidence extrinsic to the record is necessary to show its invalidity, the word "record" means, not merely the record of the instrument of conveyance or lien on which the adverse claim may be based, but, where such an instrument is the result of judicial proceedings, the entire record of such proceedings.
    [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33; Dec. Dig. § 7.*
    For other definitions, see Words and Phrases, vol. 7, pp. 6008–6014; vol. 8, p. 7781.]

2. JUDICIAL SALES (§ 61*)—DEEDS—VALIDITY—EVIDENCE—PRESUMPTIONS.
    There is no presumption of a sheriff's official right to make a valid deed of real estate, but such right must be shown in each instance by the record of the proceedings resulting in the deed.
    [Ed. Note.—For other cases, see Judicial Sales, Dec. Dig. § 61.*]

3. QUIETING TITLE (§ 12*)—CLOUD ON TITLE—POSSESSION OF PLAINTIFF—NECESSITY.
    Possession of the premises by plaintiff is necessary to the maintenance of an action to remove a cloud on the title.
    [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 8–12, 44, 45; Dec. Dig. § 12.*]

4. QUIETING TITLE (§ 34*)—PLEADING—POSSESSION OF PLAINTIFF—MOTION TO DISMISS.
    In an action to remove a cloud on title, it would be assumed that plaintiff was in possession, where the motion to dismiss the complaint did not point out plaintiff's failure to either plead or prove possession.
    [Ed. Note.—For other cases, see Quieting Title, Dec. Dig. § 34.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

5. QUIETING TITLE (§ 7*)—CLOUD ON TITLE—ACTION TO REMOVE.

 Since, under Code Civ. Proc. § 1252, where execution is not issued within 10 years after judgment, the sheriff may sell and convey only the interest which the judgment debtor had at the date of the recording of the notice of levy, where the recitals in a sheriff's deed showed that the execution was not issued until after 10 years from the docketing of the judgment, it was invalid on its face so far as it purported to convey any interest of the judgment debtor prior to the date of the recording of the notice of levy, and afforded no ground for the maintenance by plaintiff, the judgment debtor's grantee, of an action to remove a cloud on the title.

 [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33; Dec. Dig. § 7.*]

Action by William Rumble, Jr., against W. Stebbins Smith to remove cloud on title. Complaint dismissed.

G. Arnold Moses (James Kearney, of counsel), for plaintiff.
Jacob Fromme, for defendant.

GIEGERICH, J. The plaintiff seeks to have declared invalid and set aside a deed made by the sheriff of Westchester county on the 8th day of May, 1891, to the defendant, W. Stebbins Smith, as grantee, under a sale by virtue of an execution issued out of the Supreme Court for Westchester county, on the 27th day of July, 1889, on a judgment obtained by one Louis Dolnoce against one William Rumble and Henrietta Rumble, his wife, on the 1st day of June, 1878, and which was docketed in the county of Westchester on the 7th day of September, 1878, and assigned by said Louis Dolnoce to said W. Stebbins Smith by assignment bearing date January 20, 1881, and filed in the Westchester county clerk's office on March 8, 1884. The premises in question were conveyed by the said William Rumble and Henrietta Rumble, his wife, to the plaintiff by deed bearing date the 14th day of May, 1890, and duly recorded in the office of the register of the county of Westchester. It will be observed that the execution was not issued until more than 10 years after the docketing of the judgment, and, consequently, under the provisions of section 1252 of the Code of Civil Procedure, the sheriff had authority to sell and convey only the interest which the judgment debtor had at the date of the recording of the notice of levy. The deed in fact purported to convey all the estate, right, title, and interest which the judgment debtor had on the 7th day of September, 1878, "or at any time afterwards" in the lands described. According to the well-settled rule, an action in equity to remove a cloud upon title can be maintained only when some evidence extrinsic to the record is necessary to show its invalidity. By record in such a case is meant not merely the record of the instrument of conveyance of lien on which the adverse claim may be based, but where such an instrument is the result of judicial proceedings the entire record of such proceedings. In Scott v. Onderdonk, 14 N. Y. 10, 14, 67 Am. Dec. 106, the court said that where the claim is based upon a written instrument which is void upon its face, or which does not in its terms apply to the property it is claimed to affect, there is no reason for entertaining a litigation respecting it before it is attempted to be enforced, because the party apprehending danger has his defense always at hand; and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it is further stated that the same reason applies to cases where the claim requires the existence of a series of facts or the performance of a succession of legal acts, and there is a defect as to one or more of the links.

Similarly, in Crooke v. Andrews, 40 N. Y. 547, 549, the rule was again announced that where the so-called cloud or adverse claim has not even the appearance of validity or substance, as where it appears on the face of the very documents or proceedings upon which the alleged claimant must rely, and which he must produce, that there is no legal validity in the claim, there is no ground for invoking the aid of a court, for there is in truth no injury and no ground for apprehension of injury. The case was one which dealt with a certificate of tax sale, and the court held that the recording of such a certificate created under the statute an express lien, complete in form and of such character that it required no action or proof by the claimant, and that the burden was cast upon the plaintiff of taking affirmative action if he would remove the incumbrance.

Schroeder v. Gurney, 73 N. Y. 430, was an action brought to set aside a sheriff's certificate of sale on execution and to restrain the sheriff from executing a conveyance; but the court held the plaintiff was entitled to no relief, because he had nothing to fear from the judgment and certificate, and that the case did not come within the rule that relief will be granted in equity where extrinsic evidence which will not necessarily appear in proceedings by the claimant to enforce the lien is required to show the invalidity of an instrument which constitutes an apparent cloud upon the title. To the same effect see Marsh v. City of Brooklyn, 59 N. Y. 280, which involved the question of a lien claimed to have been created by a municipal assessment.

In Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082, the plaintiff sought to have adjudged void and illegal certain deeds under which the defendant claimed an undivided interest in the lands in question. In holding that the plaintiff was entitled to maintain his action the court observed that the defendant was in a position to make out a prima facie case in an action in ejectment against the plaintiff without developing the defects in his title.

The cases above cited and the present case are distinguishable from Stokes v. Houghton, 16 App. Div. 381, 45 N. Y. Supp. 21. The court there observed that, unless the position of the party executing the instrument was such as to raise the presumption of a right to do so, no estate or interest was even prima facie created, and the title was not clouded; but, as the mortgage under consideration had been executed by the true record owner of the property, it was held that the action was maintainable. In the case of a sheriff there is no presumption of his official right to make a valid deed of real estate; but such right must be shown in each instance by the record of the proceedings which resulted in the deed. In the present case it must be assumed that the plaintiff is in possession of the premises; otherwise, he would not be entitled to maintain an action of this character at all. O'Donohue v. Smith, 130 App. Div. 214, 114 N. Y. Supp. 536.

It might be remarked in passing that the defendant in his reply brief cites this decision as an authority for dismissing the complaint;

but that cannot be done in this case, because the motion to dismiss did not point out such omission to either plead or prove possession. But, as said before, it must be assumed that the plaintiff is in possession, and, such being the fact, the defendant could not take advantage of the ·deed sought to be set aside, except by bringing an action in ejectment, in which event he would necessarily, when he put in evidence the record of the proceedings leading up to the deed, disclose any infirmities in such proceedings. In this case it appears by the recitals contained in the deed that the execution was not issued until more than 10 years after the docketing of the judgment, and consequently, so far as the deed purports to convey any interest of the judgment debtor prior to the date of the recording of the notice of levy, it is invalid on its face and affords no ground for the maintenance of such an action as the plaintiff has attempted to bring. In so far as the deed purports to convey the interest of the judgment debtor at any time after the date of the recording of the notice of levy, it might, perhaps, be considered as valid on its face, and the plaintiff might accordingly be entitled to maintain his action if he had presented any evidence of invalidity extrinsic the record of the proceedings resulting in the deed, but such evidence he has failed to produce.

The only evidence he relies upon, outside the face of the deed itself, to show its invalidity, consists of the notice of levy, which he argues was irregular and void; but, even if he be right on the point, such invalidity would have to be disclosed by any claimant who should attempt to assert title under the conveyance, and consequently the case falls within the rule of the authorities above cited. As the case stands, therefore, so far as the conveyance complained of is invalid on its face, the plaintiff would have no right in any event to maintain this action; while, in so far as the deed is valid on its face (if it is to any extent so valid, which need not be determined), the plaintiff has failed to show by any facts extrinsic the record that the conveyance is in fact invalid. The complaint should therefore be dismissed, with costs.

The attention of counsel is called to the fact that the certified copy of the deed which was put in evidence contains an apparent error in the recital on page 1 thereof, where the date of the docketing of the judgment is given as September 7, 1879, instead of 1878.