I think there was no error in the judgment, and that it should be affirmed, with costs.

All the judges concurring.

Judgment affirmed.

## SUPREME COURT.

In the matter of THE UTICA AND BLACK RIVER RAILROAD COMPANY agt. DAVID A. STEWART, clerk, &c.

*Notaries public* can take acknowledgments of deeds, &c., anywhere within the county for which they are appointed, and in which they reside; and when thus taken, they are entitled to be recorded in any other county in the state, *when the signature and official character of the notary are attested by the usual county clerk's certificate.* Where these conditions are not complied with, and these requirements do not exist, the conveyance is not entitled to be recorded.

*Lewis Special Term, May* 14, 1867.

THIS is an application for an order directing the clerk of Lewis county to record certain deeds offered to him for record. The deeds purport to have been executed by parties living in the county of Lewis, of lands in that county, and were all acknowledged by the grantors in the county of Lewis, before a notary public appointed for and residing in the county of Oneida.

E. A. GRAHAM, *for the applicants.*

C. D. ADAMS, *opposed.*

BACON, J. It is stated in the moving affidavit that the clerk of Lewis county declined to admit the said deeds to record, because there was not attached to them the certificate of the clerk of Oneida county, in the usual form, that the person taking the acknowledgment was a notary public and duly authorized to take the same.

If this was all the difficulty in the case, it might be easily remedied by procuring the necessary certificate; but another and more important question is presented in this case, and was raised on the argument, to wit., whether the

·acknowledgment itself is not invalid, by reason of its having been taken by and before an officer incompetent to perform that duty out of the county of his residence. The counsel for the application claim that the notary in this case was authorized to take the acknowledgment, and that it is the duty of the clerk to receive and record the deeds offered to him for record, and that is the question in the case..

. Notaries public are classed by the Revised Statutes among public officers who are appointed in each of the counties of the state, upon the nomination of the governor and confirmation by the senate. (1 *R. S.* 89, *Edm. ed.*) They are required to reside in the counties for which they are appointed, but may execute the duties of their office at any place within the state. (*Id.* 92, § 14.) They are also, in another division of the statute, classed among judicial officers, and specific authority is given to them to demand acceptance and payment of, and protest for non-payment, foreign and domestic bills and notes, and to' exercise such other powers and duties as may be performed by notaries public by the law of nations, commercial usage, or the laws of any other state or country. (2 *R. S.* 294, § 44.) These are the duties of a general notary, which they have a right to perform anywhere within the state, and their official certificates carry with them everywhere their own authentication.

But in 1859 an act was passed by the legislature purporting to enlarge their powers, and by this act it was provided that, *in addition to their present powers*, they should be authorized to take proof of acknowledgment of deeds, &c., "in all the cases where the same may now be taken by commissioners of deeds, and under the same rules, regulations and requirements." It will be perceived that this act purports' and provides for the enlargement of the powers of notaries, and it follows by a necessary implication that they had not, anterior to its passage, the power to take acknowledgments of deeds, under the general authority to execute the duties of their offices within the state ; and, in point of fact, such a power was not, that I am aware, ever attempted to be exercised by those officers, certainly not outside of the coun-

ties of their residence. Under this act of 1859, a case early arose, and was decided in October, 1859, at the Wyoming special term, before Judge DAVIS. (*People* agt. *Hascoll*, 18 *How*. 118.) The question was, whether notaries public were authorized, under this act, to take proof of acknowledgment of deeds in counties where there was no commissioner of deeds. The question of the limitation, as well as the extent of their power, was presented; and while Judge DAVIS decided that notaries could take acknowledgments of deeds in counties where there was in fact no commissioners of deeds, he also held that the duty must be performed within the local jurisdiction; that is, within the county where the notary resided. Commissioners of deeds were local officers, and were required by the statute to perform their duties within specified territorial limits, although the same law provided that, when properly certified, their official acts were operative throughout the state. Notaries public were, therefore, by this act, placed in the same category with these local officers, and the "cases" in which they could act were the same cases in which commissioners of deeds were authorized to act; and the "rules, regulations and require-ments" prescribed by the act of 1859 operated, in the words of Judge DAVIS, "to restrict notaries public in the perform-ance of these new duties *to their local jurisdictions*, and to the formalities as to proof of identity, rates of fees, &c., as are imposed upon all commissioners of deeds." This is, it is true, only a decision at special term, and does not appear to have gone any further, and it is also true that the precise question here was not necessarily involved in the decision; but it is a clear expression of an eminent judge upon the very point in question, and gives, in my opinion, a fair and just construction of the statute.

If this is a correct exposition of the act of 1859, there is nothing in the act of 1863 which gives to a notary any larger territorial authority. The object of that act was to limit the number of notaries in the counties, to supply a *casus omis-sus*, by including justices of the peace with commissioners of deeds, so that there might be no doubt of the sufficiency

of an acknowledgment before a notary, taken anywhere within the county of his residence, and to confirm the acts of notaries in taking such acknowledgments after the passage of the act of 1859. The phraseology of the two acts, in conferring the new power, is precisely the same, and places the notaries under the same limitations in regard to its exercise as exist in relation to commissioners of deeds and justices of the peace. In regard to commissioners of deeds, it was expressly provided by the Revised Statutes (1 *R. S.* 708, § 4), that no proper acknowledgment of a conveyance could be taken by them out of the city or county for which they were appointed; and in 1860 the office of commissioner of deeds, in the towns, was abolished, and all their powers and duties were thenceforth devolved upon justices of the peace.

It seems very clear, as I have remarked, that the power to take acknowledgments of conveyances to be recorded in this state, did not exist in notaries prior to the passage of the act of 1859. If it did, then there was no necessity for the passage of that act; and if it had then been intended to give them the same power that was imparted to the chancellor, justices of the supreme court, &c., by the Revised Statutes, to act to take such proof anywhere within the state, and to entitle conveyances thus acknowledged to be recorded without a clerk's certificate, the act would have so declared, and would have given them the power without any limitation; but the act is careful to indicate the class of local officers with whom, in this respect, they are placed upon a par, and whose authority and jurisdiction were to be the measure of theirs. It results, therefore, from this statement of what seems to me to be the plain provisions and the manifest intent of the statutes as they now exist, that notaries public can take acknowledgments anywhere within the county for which they are appointed and in which they reside; and when thus taken, they are entitled to be recorded in any other county in the state, when the signature and official character of the notary are attested by the usual clerk's certificate; and that, where these conditions are not complied with, and these requirements do not exist,

Mechanics' and Traders' Bank agt. Dakin.

the conveyance is not entitled to be recorded. I regret to arrive at this result, for the inconvenience and expense to which the applicants will be subjected in obtaining new acknowledgments from the several grantors whose deeds bear only the acknowledgment of the notary; but I am unable to come to any other conclusion, and must consequently deny the application for an order compelling the clerk of Lewis county to record the deeds in question.

[At the June general term, 1867, of the supreme court, in the 5th district, the foregoing opinion was concurred in by Justices MORGAN, FOSTER and MULLIN.]