## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. THE GLOBE MUTTUAL LIFE INSURANCE COMPANY.

*Insurance (life) — When policy does not lapse for non-payment of premiums — Necessary steps to forfeit policy — When policy not surrendered — Notary appointed for one county cannot perform duties in another — When costs not allowed against receiver.*

On February 28, 1866, upon the application of B. to F., the general agent of the Globe Mutual Life Insurance Company at Poughkeepsie, such insurance company issued its policy of insurance No. 1,377, whereby, in consideration of the sum of $328.60 then paid, and the payment of a like sum on or before February twenty-eighth, in each and every year thereafter, it insured the life of said B. for the benefit of his wife and surviving children. On March 1, 1871, on application of B., policy

The People agt. Globe Mutual Life Insurance Company.

No. 1,377 was exchanged for registered policy No. 1,891, containing the same conditions. On February 28, 1879, F., the general agent of the company, according to his custom charged B. with the annual premium, crediting the company with the payment to himself of such premium. On March 21, 1879, F. died, and after his death B. called at the office of the company in New York and was told that the policy had lapsed by reason of the non-payment of the premium of February 28, 1879, but that if he would assent to a re-examination they would give him a paid-up policy for four years. B. signed in his own name and that of his wife a written surrender of the policy. On the next day the company sent a messenger to Poughkeepsie with a paid-up policy and took from B. and wife a surrender of the policy, they signing the same for themselves and as guardian of W. F. B., their infant child. The signature to such surrender and acknowledgment of execution were made in the city of Poughkeepsie to one C. B., a notary public appointed for and residing in the city and county of New York. The claim founded upon policy 1,891 has been duly presented to the receiver within the time limited for that purpose:

*Held*, 1*st*. That the policy did not lapse by reason of the non-payment of the premium due February 28, 1879. As between the insured and the company it was paid on the day it was due. The company had a credit for the amount thereof on the books of their agent.

2*d*. No step has been taken to forfeit the policy as required by chapter 321 of the Laws of 1877; and without giving the notice as required by said act there could be no forfeiture.

3*d*. The attempted surrender by B. was ineffectual. The insurance was for the benefit of his wife and children, and he had no authority in fact, and of such fact the company was informed, to execute the surrender for his wife.

4*th*. The surrender by the wife was ineffectual as the statute (3 *R. S.* [1*st ed.*], 162, *sec.* 911) requires it to be acknowledged in the same manner as a release of dower. The notary who took the acknowledgment was an officer appointed for and residing in New York and could not execute its duties in Poughkeepsie.

The resistance to this claim by the receiver being upon reasonable grounds and in good faith no costs should be allowed against him.

*Ulster Special Term, June*, 1882.

MOTION to confirm referee's report upon policy No. 1,891.

*F. L. Westbrook*, for motion.

*Mr. Devenny*, for the receiver.

*Deputy Attorney-General Keeler*, opposed.

WESTBROOK, J. — By the report of the referee the following facts are established: On February 28, 1866, upon the application of Oliver H. Booth to Henry H. Frost, the general agent of the Globe Mutual Life Insurance Company at Poughkeepsie, New York, such insurance company issued its policy of insurance No 1,377, whereby in consideration of the sum of $328.60 then paid, and the payment of a like sum on or before February twenty-eight in each and every year thereafter during the continuance of such policy, it "insured the life of said Oliver H. Booth for the benefit of his wife and surviving children."

It was the custom of the general agent, Mr. Frost, on the twenty-eighth of February in each year, to charge Mr. Booth with the annual premium upon his books, giving the company as against himself credit for the premium, and call upon Booth for the money, when he needed the same, who then made prompt payment.

On March 1, 1871, on the application of Mr. Booth, policy No. 1,377 was exchanged for registered policy No. 1,891, which was for the same amount requiring the same annual premium, and was also for the benefit of the wife and children of the said Booth.

On February 28, 1879, Mr. Frost, the general agent of the company, according to his custom, charged Mr. Booth with the annual premium due upon the policy 1,891, crediting the company with the payment to himself of such premium.

On March 21, 1879, Mr. Frost died, and after his death Mr. Booth went to the office occupied by said Frost in his lifetime, and tendered to the persons therein, who had been in Frost's employ, the amount of the premium due February 28, 1879. Such persons declined to receive the money, upon the ground that they were not the agents of the company.

No notice has been served by the company, as provided by chapter 377 of the Laws of 1877, requiring the payment of the premium under penalty of the forfeiture of the policy.

After the death of Frost, Booth called at the office of the company in New York, and was told that the policy was lapsed by reason of the non-payment of the premium due February 28, 1879, but that if he would assent to a re-examination they would give him a paid-up policy for four years. Booth believing such statement to be correct, at the request of the company, signed in his own name and that of his wife a written surrender of the policy. He informed the officers, however, that he was not authorized to sign the surrender for his wife, to which the answer was made that it was a matter of no consequence, as it was a mere form.

On the next day the company sent a messenger to Poughkeepsie with a paid-up policy, and took from Booth and wife a surrender of the policy, they signing the same for themselves and as guardian of W. F. Booth, their infant child. The signature to such surrender, and acknowledgment of execution were made in the city of Poughkeepsie, in the county of Dutchess, to one Charles Bauer, a notary public, appointed for, and residing in, the city and county of New York.

The only surviving child of Booth is the infant W. F. Booth. The claim founded upon policy No. 1,891 has been duly presented to the receiver within the time limited for that purpose, the net value of the policy on June 1, 1879, was $2,508.77, and the fund for the payment of registered policies is ample, and will leave, after paying all demands thereon in full, a large surplus.

The referee's legal conclusions are, 1st. That the policy had not lapsed on the first day of June, 1879. 2d. That the policy was not surrendered to the company, and 3d. That Elizabeth F. Booth and William F. Booth are entitled to be paid the said sum of $2,508.77, with interest from June 1, 1879, out of the special fund deposited with the superintendent of insurance for the benefit of registered policies.

A motion is now made to confirm the report, and direct payment. Such motion involves two questions: 1st. Has

The People agt. Globe Mutual Life Insurance Company.

the policy lapsed ? 2d. Has it been surrendered ? The questions will be briefly answered :

*First* — Did the policy lapse by reason of the non-payment of the premium due February 28, 1879 ? It did not, for two reasons.

1. As between the insured and the company, the premium due February 28, 1879, was paid. It had been charged by the general agent to Booth, and 'the company had been credited with the receipts of the money (*Lasher* agt. *Northwestern Insurance Company*, 55 *How.*, 324; *same case at General Term*, 18 *Hun*, 98; *see page* 100; *Bodine* agt. *Exchange Fire Insurance Company*, 51 *N. Y.*, 117). This is unlike the case of *Marvin* agt. *Universal Life Insurance Company* (85 *N. Y.*, 278). In that case the premium had not been paid, and the policy was forfeited prior to the alleged transaction with the general agent, whose powers were limited by the terms of the policy. In this case, as between the insured and the company, the premium was paid on the day it was due. The company had a credit for the amount thereof on the books of their agent. It was entirely competent for the agent to pay the premium for Mr. Booth and look to him for repayment, and this was precisely the transaction. There was consequently no forfeiture.

2. No step had been taken to forfeit the policy as required by chapter 321 of the Laws of 1877, and without giving the notice as required by said act, there could be no forfeiture, as that statute expressly declares.

*Second* — Was there a surrender of the policy ?

1. Very clearly the attempted surrender by Mr. Booth, was ineffectual. The insurance was for the benefit of his wife and children, and he had no authority in fact, and of such fact the company was informed, to execute the surrender for his wife.

2. The surrender by the wife was ineffectual, as the statute (3 *R. S.*, 162 [6*th ed.*], *sec.* 90) requires it to be acknowledged in the same manner as a release of dower. The notary, who

took the acknowledgment, was an officer appointed for, and residing in the city and county of New York, and could not execute its duties in the city of Poughkeepsie, which is not within the county for which he was appointed.

The surrender which was executed in Poughkeepsie seems to be a surrender of policy No. 1,377, and not of policy No. 1,891, the registered policy, upon which the claim was made. As the surrender is attached to policy No. 1,891, and such policy is wrongly indorsed, as No. 1,377, it was doubtless assumed on the argument (no point on this irregularity being made) that it should be treated as an attempted surrender of policy No. 1,891. No discussion of the form of the surrender is therefore undertaken.

Costs are also asked against the receiver. This is not an action, and the case is not, therefore, covered by *Columbia Insurance Company* agt. *Stevens* (37 *N. Y.*, 536). The most that could be urged in behalf of costs is, that they are discretionary with the court by force of sections 3236 and 827 of the Code. Without any formal examination of the question, however, it is sufficient to say there are no facts disclosed which would warrant the order. Surely the receiver was justifiable in not admitting the demand. His resistance was in good faith, and upon reasonable grounds, and the award of costs in applications to the court against the fund in its hands for distribution would burden the trust so as to leave very little of the fund for creditors. The resistance to this claim being upon reasonable grounds and in good faith, no costs should be imposed.

An order must be entered confirming the report of the referee and directing payment of the amount thereby recommended, but without costs.