THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, RESPONDENT, *v.* LINA T. COREY, JESSE G. COREY AND WILLIAM B. COREY, APPELLANTS.

*Notary public — certificate of acknowledgment taken, in fact, outside of his county, the venue being laid within the county — he will not be deemed a subscribing witness — a "purchaser," who is — mortgage defectively acknowledged valid in equity — cloud on title — statute of limitations — confidential communications to an attorney and notary.*

On November 15, 1873, William G. Corey executed, without consideration, a deed of a farm to his wife and four minor children. The deed was acknowledged in Tompkins county before one Osborne, who lived in and was a notary public for the county of Schuyler, the venue of his certificate of acknowledgment being laid in Schuyler county. The deed was recorded in Tompkins county on November 19, 1873.

Subsequently, and in April, 1877, Corey brought an action to set aside this deed on the ground that it was executed under a misapprehension of fact. After all of the defendants, had been served and had appeared and answered on the merits, it was stipulated to refer the case to a referee to hear and determine, and under this stipulation an order was entered, without the direction of the court, referring the case to a referee. The referee filed a decision, holding that the deed was invalid; upon which, on May 21, 1877, judgment was entered setting aside the deed and declaring it to be void.

On September 12, 1877, Corey borrowed of the defendant $5,000, and secured payment thereof by giving his bond, and a mortgage collateral thereto, the execution of which was acknowledged in Tompkins county before the same notary. The mortgage was recorded in Tompkins county on October 20, 1877; was subsequently foreclosed, the property sold, and a judgment for deficiency entered against Corey on February 3, 1882, on which an execution was returned wholly unsatisfied.

On July 9, 1881, the judgment of May 21, 1877, holding that the deed was invalid, was set aside upon the ground that the order of reference was void because entered by stipulation instead of by direction of the court.

On July 29, 1886, in an action brought by the mortgagee, the purchaser at the foreclosure sale, judgment was rendered, holding that the deed of November 15, 1873, was not properly acknowledged, and was invalid as against the plaintiff.

*Held,* that the notary of Schuyler county had no power to take an acknowledgment in Tompkins county, and that as this was a question of jurisdiction the certificate, though in form correct, might be rebutted.

It was suggested on behalf of the defendants in that action that Mr. Osborne, the notary public, should be deemed a subscribing witness.

*Held,* that as he did not subscribe his name to the deed as a witness of the sealing and delivery, his signature was only as a notary, and not as a witness.

That the plaintiff, the purchaser at the foreclosure sale, was in a position to dispute the validity of the deed in question, as it was a purchaser within the meaning of the statute. (4 R. S. [8th ed.], 2451, § 137.)

That, assuming that the plaintiff's mortgage was defectively acknowledged, it was valid in equity, and that at the sale under the foreclosure thereof the plaintiff, as the purchaser, became entitled to the benefit of the statute.

That the matter of notice was not material.

That after the judgment of May 21, 1877, was set aside as to the present defendants, the deed of November 15, 1873, was a cloud on the plaintiff's title and it could maintain an action to remove it.

That the right of action of the plaintiff was not barred by the statute of limitations as the action was commenced within ten years from the giving of the mortgage.

The notary Osborne was called as a witness by plaintiff and testified that the deed was acknowledged at the house of the grantor. This was objected to by the defendants as inadmissible, under section 835 of the Code of Civil Procedure, as Osborne was an attorney and was employed by the grantor to draw the deed, and the testimony, it was claimed, necessarily involved the disclosure of a communication made by his client to him in the course of his professional employment.

*Held,* that the witness, in stating the place where the acknowledgment was taken, did not disclose any communication made to him in the course of his professional employment as an attorney.

That the imperfect deed had no effect, as against the plaintiff; that it was not a question of rescinding an instrument, but of its invalidity under the statute; that there was no estoppel under the covenants of warranty contained in it.

APPEAL by the defendants from a judgment, entered upon the decision of the court at the Tompkins Special Term, in the office of the clerk of that county on the 26th day of August, 1889, setting aside a deed of conveyance of a farm situate in Tompkins county.

On November 15, 1873, William G. Corey, then being the owner of and living upon a farm of about 186 acres in the town of Ulysses, Tompkins county, executed a deed thereof to his wife and four minor children (being the three defendants herein and Hattie L. Corey) reserving to himself a life estate therein. It is found, by the court below, that no valuable consideration for this deed passed between the parties. It was drawn by one John W. Osborn, and subscribed and sealed by the grantor in his presence at the dwelling-house on the farm. Osborn lived in Schuyler county, and at that time was a notary public duly appointed, commissioned and authorized to act as such in the county of Schuyler. Corey, after he signed the deed, and at his dwelling-house in Tompkins county, acknowl-

edged the execution of it to and before Osborn, who then and there made and signed a certificate of acknowledgment in the usual form having for its venue Schuyler county.

The deed was not otherwise attested ; there was no subscribing witness as such. To this deed there was afterwards attached the ordinary certificate from the county clerk of Schuyler county certifying to the official character of Osborn and the genuineness of his signature, and the deed was thereafter, and on November 19, 1873, recorded in Tompkins county. In April, 1877, William G. Corey commenced an action in the Supreme Court, against all of the grantees named in the deed, to set it aside on the ground that he executed it while very sick, believing he was about to die, without consideration and upon the belief that he was executing a will and not a deed. The summons in the action was personally served on all the defendants and all appeared and answered, upon the merits, the children by guardian *ad litem* duly appointed. In May, 1877, the attorneys for all the parties stipulated to refer the case to a named referee to hear and determine, and upon this stipulation an order was entered, as, of course, and without the direction of the court, refering the case to such referee. The case was tried before the referee, the attorneys for all the parties appearing, and the referee afterwards made and filed his decision, holding that William G. Corey, when he executed the deed, was mentally incompetent to execute the same and did not know its purport and that it was void. On May 21, 1877, a judgment was entered on this decision setting aside the deed and declaring it void.

On the 12th of September, 1877, William G. Corey borrowed of the present plaintiff $5,000, giving therefor his bond dated that day, and, as collateral thereto, he and his wife Mary L. Corey executed, sealed and delivered to the plaintiff a mortgage on the said premises. This mortgage they acknowledged at their residence in Tompkins county before John W. Osborn, who then lived in Schuyler county and was a notary public for that county. The mortgage was recorded in Tompkins county October 20, 1877. Default having been made in the payment of this mortgage, the plaintiff, on February 10, 1880, commenced in the Supreme Court an action to foreclose it. The mortgagors, William G. Corey and Mary L. Corey, were made defendants, together with subsequent incumbrancers. The mortgagors

defended but the plaintiff recovered judgment of foreclosure against all the defendants November 9, 1881, upon which the premises were, on the 23d of December, 1881, sold to the plaintiff and the usual referee's deed on foreclosure given, which was recorded January 9, 1882. The sale was duly confirmed. There was upon the sale a deficiency of $3,296.24, for which a judgment was entered February 3, 1882, against William G. Corey and thereafter an execution thereon was returned wholly unsatisfied. William G. Corey and the grantees in the deed of November 15, 1873, were then living together as a family upon the premises, and so continued to about January 25, 1882, when the plaintiff entered into possession and has since so continued. On the 24th of April, 1880, the defendants herein and Hattie L. Corey moved for an order setting aside the judgment of May 21, 1877, upon the ground that the order of reference was void because entered by stipulation instead of by direction of court as required by section 1012 of the Code of Civil Procedure. Upon this motion an order was duly entered July 9, 1881, setting aside the said judgment and all proceedings subsequent to the joining of issue, as to these defendants. As to Hattie L. Corey, she being then of full age, the payment by her of certain disbursements was made a condition to setting aside the judgment. These she did not pay.

The present action was commenced July 29, 1886. The Special Term held that the deed of November 15, 1873, was not properly acknowledged or attested, and was not valid as against plaintiff, and directed judgment of cancellation.

*John J. Van Allen* and *William N. Noble*, for the appellants.

*E. F. Babcock*, for the respondent.

MERWIN, J.:

It is claimed by the appellants that the deed of November 15, 1873, was properly acknowledged, although before a notary public outside of his own county. The argument is that the general provision of the Revised Statutes (1 R. S. [8th ed.], 379, § 14), that notaries public may execute the duties of their office at any place within the State, applies to their power in taking acknowledgment of deeds. It was held to the contrary in *Matter of Utica and Black River Railroad Company* v. *Stewart* (33 How., 312) and in *People* v. *Globe Mutual Life Insurance Company* (65 id., 239).

By the Revised Statutes it was provided that notaries public might be appointed in each of the counties of the State ; that they should reside in the respective counties for which they should be appointed, and might execute the duties of their office at any place in the State, and certain powers were given to them (3 R. S. [8th ed.] 2645), which did not include the power to take affidavits or acknowledgment of deeds. By chapter 360 of 1859, it was provided that notaries public, "in addition to their present powers," should have authority to administer oaths and affirmations and take the proof and acknowledgment of deeds and mortgages "in all the cases where the same may now be taken and administered by commissioners of deeds, and under the same rules, regulations and requirements prescribed to commissioners of deeds." · By chapter 508 of 1863, it was provided that "notaries public shall have all the powers now conferred upon them by law, and shall also have power to take affidavits and certify to the same, and to take and certify the acknowledgment and proof of deeds and other instruments in writing in all cases where justices of the peace or commissioners of deeds may now take and certify the same."

By chapter 703 of 1872, power was given to the notaries public of the counties of New York and Kings · to act in either county. A similar right was given to any notary of several other counties (not including Schuyler) by chapter 807 of 1873, upon filing a certified copy. of his appointment, with his autograph signature in the clerk's office of the counties other than where he resided. By chapter 270 of 1884, any notary is authorized to act in an adjoining county, upon filing certain certificates in the clerk's office of such county.

It is thus quite apparent that the legislature acted upon the supposition that the general power originally given to notaries did not authorize them to exercise their subsequent powers in all parts of the State. Very clearly it was the intention of the act of 1859 to confer no greater powers than commissioners of deeds then had, and such powers were then, by law, limited· to the county of the appointment. Neither that act or the one of 1863 (chap. 508) conferred any general power like the one conferred originally on notaries, but it was limited to the cases in which commissioners of deeds or justices

of the peace could act. It was not the general power to take affidavits and acknowledgments, but a power to take "in the cases" where the other officers could take. This, necessarily, had the same territorial limitation. We are, therefore, of the opinion that the notary of Schuyler county had no power to take the acknowledgment in Tompkins county. This is a question of jurisdiction, the certificate, though in form correct, may be rebutted. (*Thurman* v. *Cameron*, 24 Wend., 87; *Sandland* v. *Adams*, 2 How. Pr., 127.) But it is suggested in behalf of the appellants that Mr. Osborn, the notary public, should be deemed a subscribing witness. He did not, however, sign as such. His signature is only as notary, and at the end of the certificate of acknowledgment. He did not subscribe his name to the deed as a witness of the sealing and delivery.

In *Hollenback* v. *Fleming* (6 Hill, 303), a subscribing witness is defined to be one who was present when the instrument was executed and who at that time subscribed his name to it as a witness of the execution. A subscribing witness attests the delivery as well as the signing. In that respect it goes farther than the acknowledgment. We think the notary was not a subscribing witness.

The plaintiff is in a position to dispute the validity of the deed in question. It is a purchaser or incumbrancer within the meaning of the statute. (4 R. S. [8th ed.], 2451, § 137.) Assuming that the plaintiff's mortgage was defectively acknowledged, it was valid in equity (*Payne* v. *Wilson*, 74 N. Y., 348) and upon the foreclosure sale the plaintiff became a purchaser entitled to the benefit of the statute. The matter of notice was not material. (*Chamberlain* v. *Spargur*, 86 N. Y., 603.) After the judgment of May 21, 1877, was set aside as to the present defendants, the deed of November 15, 1873, was a cloud on plaintiff's title, and it could maintain an action to remove it. (*Remington Paper Co.* v. *O'Dougherty*, 81 N. Y., 474, 483.)

That judgment not having been set aside as to Hattie L. Corey, she was not a necessary party defendant. Her rights, if any, would not be affected. The right of action of plaintiff is not barred by the statute of limitations. The action was commenced within ten years from the giving of the mortgage. In *Miner* v. *Beekman*, (50 N. Y., 343) it was said that the owner of the fee had a right to bring an action to remove a cloud at any time during its existence.

The notary Osborn was called as a witness by plaintiff and testified that the deed was acknowledged at the house of the grantor. This was objected to in time as inadmissible under section 835 of the Code of Civil Procedure. Mr. Osborn was an attorney, and was employed by the grantor to draw the deed. It is claimed that the testimony objected to necessarily involved a communication made by his client to him in the course of his professional employment. The act of the attorney in drawing the deed is one thing, the act of the notary in taking the acknowledgment is another. Concededly an acknowledgment was taken. The witness in stating the place where it was taken did not disclose any communication made to him in the course of his professional employment as an attorney. The appellants claim the equities of the case are with them. This is not made clear. The court below, upon sufficient evidence, found that the deed of 1873 was without value or consideration. The grantor in 1877 obtained a judgment setting it aside. Before this judgment was set aside, and while the title of William G. Corey was apparently clear, and he was in possession, the loan is made from plaintiff, and the mortgage given. The plaintiff, as far as the case shows, had no actual notice of any irregularity in the recovery of the judgment. It is doubtful whether it had constructive notice as the judgment was probably not void but voidable. We are, however, not required to pass upon the respective equities. The imperfect deed had no effect as against plaintiff. It is not a question of rescinding an instrument, but of invalidity under the statute. There was no estoppel through its covenants of warranty. (*Chamberlain* v. *Spargur, supra.*)

It follows that the judgment must be affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.