William H. J. Bodine et al., Respondents, v. The Exchange Fire Insurance Company of the City of New York, Appellant.

A condition in a policy of insurance, that no insurance, whether original or continued, shall be considered as binding until the actual payment of the premium, may be waived by parol by the company or its authorized agent, and this waiver may be shown by direct proof that credit was given, or may be inferred from circumstances.

An insurance agent can employ a clerk and authorize him to contract for risks, to deliver policies and renewals, to collect premiums and to give credits therefor, and the act of the clerk in such cases is the act of the agent and binds the company.

(Argued May 10, 1872; decided September term, 1872.)

Appeal from the judgment of the General Term of the Supreme Court of the city of New York, affirming a judgment in favor of the plaintiffs, entered upon the verdict of a jury.

This action was brought upon a policy of insurance issued by defendant, which the plaintiffs claimed that the defendant had renewed by the usual certificate of renewal. The only question in dispute on the trial was whether the policy was renewed. The original policy was issued to the plaintiffs through John Whelp, who had been an agent for the defendant for nine or ten years, and his name was indorsed upon the policy, as agent. Charles Whelp, his son, had, for three or four years, acted as his clerk and assistant in the business of his agency. The policy contained the following condition : "No insurance, whether original or continued, shall be considered as binding until the actual payment of the premium."

The day after the policy expired, Charles, acting for his father, called upon the company and obtained a renewal certificate for the plaintiffs for one year from January 18, 1863, the date of the expiration of the original policy. He had been in the habit, for three or four years, of receiving such renewals from the company for a similar purpose, and frequently,

with the knowledge of his father, delivered them to and left them with the parties for whom they were intended, without exacting payment of the premiums. As to what took place when he took this certificate to the plaintiffs, there is a conflict in the evidence. But William Bodine, one of the plaintiffs, testified substantially as follows:

He (Charles) said he had brought me a renewal of the Exchange policy, and that the Excelsior Company had refused to renew. On saying that, I said, then "I did not know about taking this renewal; if they did not renew, I would prefer putting it all into one company, as we had had some trouble in getting companies to take general policies." Said he, "You had better take this." I said, "I will not decide now, I will think over it; I think I had better get into one company." "Well," said he, "will you remain uninsured?" Said I, "I think I will, for the present at least, until I decide this question in my own mind." He asked me when I would decide. I said, "Within a day or two; when will you be this way again?" He said, "Probably to-morrow." Said I, "If you come, call, and I will decide." He did call, and I did decide. I told him I would take this renewal, and he should go on and get me a policy for the like amount, and bearing even date with this policy. Said he, "Then you will take this?" I said, "Certainly." That is all that took place at that interview that I recollect.

He came over with me on the boat after the second interview; we walked from the boat up Broadway, and were about to separate, he going down Pine street and I in another direction. He asked me then if I had the Excelsior policy with me; I said I had not it with me. He said, "Then I can't do anything to-day in relation to it," and we parted at that time. He called for the Excelsior policy, I think, the following day, or the day after, and I gave it to him. He then tendered me this renewal, and said, "You had better take this renewal." Said I, "It makes no difference, Charles, you may as well keep it; it is just as safe in your custody as in mine; go on and get the other as soon as you can, bring it to me,

and I will pay you for them both together." Said he, " The money makes no difference." Said I, "It is not for the want of money, it is a matter of convenience; it is just as safe with you; when you get them both, bring them to me, and I will pay you for them." I said I would pay him for them both; that was my meaning and my saying both. I said simply that I would pay him for them both together; it was only a matter of convenience. He said, " Very well." This last conversation was on Saturday, and the fire occurred on the next Tuesday. The other plaintiff was also sworn, and confirmed his brother.

It was also proved that, before the suit was commenced, the plaintiffs tendered the amount of the premium. After the fire, Charles Whelp delivered the certificate to his father, and he delivered it to the company.

At the close of the plaintiffs' evidence, defendant's counsel moved to dismiss the complaint on the ground:

1st. That Charles Whelp was not the agent of the defendant.

2d. That, if such agent, he was not authorized to deliver the renewal certificate without payment, or to make the arrangement claimed by the plaintiff.

3d. That on the evidence the defendant could not maintain an action against the plaintiffs for the premium.

4th. That the evidence was insufficient to sustain the plaintiffs' alleged cause of action.

The court denied the motion, and the defendant's counsel excepted.

At the close of the evidence, the judge charged the jury, among other things, as follows:

If you find that Mr. Whelp was agent of the defendant in this matter, and that he did agree with Mr. Bodine, at the third interview, that he would trust him for the amount of the premium (thirty-seven dollars and fifty cents) until a future period; and if you find, also, that there was nothing said at that time about Bodine being his own insurer, then, so far as that part of the case is concerned, the plaintiffs would be enti-

tled to your verdict in this action, if the other facts necessary to entitle them to recover are made out.

To this the defendant's counsel excepted.

If the company, through their agent, so conducted the transaction that Mr. Bodine thought himself insured on the property to the amount of $3,000, and you believe Mr. Whelp was agent of the company, then the plaintiffs, if the other necessary facts as I have before charged are proved to your satisfaction, would be entitled to recover $3,000 at your hands, with interest after the expiration of sixty days, less thirty-seven dollars and fifty cents, the premium.

To this defendant's counsel excepted.

In order to make out the insurance, he must show that Whelp was agent of the company, acting for them, and that he waived the present payment of thirty-seven dollars and fifty cents premium. If they fail to establish that, the plaintiffs are not entitled to recover. If Mr. Whelp was an agent of this company, he was authorized to make the arrangement with the plaintiffs, which they say he did make; he had a right to trust the plaintiffs for thirty-seven dollars and fifty cents, if he thought fit to do so. If he was not their agent, he had no right to do anything about the transaction.

To this defendant's counsel excepted.

The jury rendered a verdict for plaintiffs.

*J. Langdon Ward* for the appellant. The condition of the original policy, that no insurance, original or continued, should be binding until actual payment of the premium, was binding on both parties. (*Duncan* v. *Sun F. Ins. Co.*, 6 Wend., 488; *Jube* v. *Brooklyn F. Ins. Co.*, 28 Barb., 413.) No operative delivery of the renewal of the policy by defendant and no acceptance by plaintiffs could be claimed. (*People* v. *Bostwick*, 32 N. Y., 445; *Elsley* v. *Metcalf*, 1 Den., 324; *White* v. *Bailey*, 14 Conn., 271.) The acts of a special agent outside of his authority do not bind his principal. (*People* v. *Bostwick*, 32 N. Y., 445; *Rossiter* v. *Rossiter*, 8 Wend., 494.) No person can be agent of both parties to a contract.

(*Claflin* v. *F. and C. Bank*, 24 How. Pr., 1; S. C., 25 N. Y., 294; *N. Y. Cent. Ins. Co.* v. *Nat. Prot. Ins. Co.*, 14 id., 91; *Utica Ins. Co.* v. *Toledo Ins. Co.*, 17 Barb., 132.) Charles Whelp had no power, actual or constructive, to waive prepayment of the premium. (*Wood* v. *Poughkeepsie Ins. Co.*, 32 N. Y., 619; *Commercial Bank* v. *Norton*, 1 Hill, 507; *Cronkite* v. *Wells*, 32 N. Y., 247; *Lyon* v *Jerome*, 26 Wend., 485; *Emerson* v. *Prov. Hat Co.*, 12 Mass., 237; *Henderson* v. *Barnewell*, 1 Yo. & Jur., 387; *Blove* v. *Sutton*, 3 Merrivale, 237; Story on Agency, §§ 11, 14.) The *onus* of proving Charles Whelp had such power was upon plaintiffs. (*Murphy* v. *Winchester*, 35 Barb., 616; *Beach* v. *Vandewater*, 1 Sandf. S. C. R., 265.) Plaintiffs knew they were dealing with the agent of an agent, and were bound to know the extent of his power. (*Nixon* v. *Palmer*, 8 N. Y., 398; *People* v. *Bostwick*, 32 id., 445.)

*A. R. Dyett* for the respondents. The company having delivered the certificate of renewal to Charles Whelp, he became clothed with all the powers of his father. (*Boyd* v. *Vanderkamp*, 1 Barb. Ch., 273; *Bank U. S.* v. *Davis*, 2 Hill, 451; *Goit* v. *Nat. Ins. Co.*, 25 Barb., 189.) Plaintiffs had a right to suppose Whelp had the authority he apparently possessed. (13 N. Y., 599; 16 id., 125, 128, 143; Abb. Dig. Prin. and Agt., 603, note.) An insurance, original or renewed, is valid, although merely verbal. (*First Bap. Church* v. *Brooklyn F. Ins. Co.*, 19 N. Y., 105; 19 How. U. S., 318.) The acts of the agent Whelp amounted to a waiver of the premium. (*N. Y. C. Ins. Co.* v. *Nat. Ins. Co.*, 20 Barb., 468; *Gail* v. *Nat. Ins. Co.*, 25 id., 189; *Chase* v. *Hamilton*, 22 id., 527; *Lightbody* v. *N. A. Ins. Co.*, 23 Wend., 18; 3 Ad. & Ellis, 303; *Carpenter* v. *Mut. Ins. Co.*, 4 Sandf., 408; *Perkins* v. *Washington*, 4 Cow., 645; 26 How. Pr., 1; 8 N. Y., 182.)

EARL, C. Notwithstanding the condition in the original policy, that no insurance, whether original or continued,

should be considered binding until the actual payment of the premium, it was still competent for the insurance company to disregard this condition, and upon any renewal of the policy to waive by parol the payment in cash of the premium, and this waiver of payment could be shown by direct proof that credit was given or could be inferred from circumstances, and the waiver could be by the company or any of its authorized agents. This is too well settled to be longer the subject of discussion or dispute. (*Goit* v. *The Nat. Protection Ins. Co.*, 25 Barb., 189; *The Trustees of First Bap. Church* v. *The Brooklyn F. Ins. Co.*, 19 N. Y., 305; *Sheldon* v. *The Atlantic F. & M. Ins. Co.*, 26 id., 460; *Wood* v. *Poughkeepsie Mut. Ins. Co.*, 32 id., 619; *Boehen* v. *Williamsburgh Ins. Co.*, 35 id., 131.) In the case from 19 N. Y., Judge COMSTOCK says: " A provision in a policy already executed and delivered, so as to bind the company, declaratory of a condition that premiums must be paid in advance, manifestly has no effect, except to impart convenient information to persons who may wish to be insured. As such a provision in the policy in question could have no effect upon the delivered and perfect contract in which it was contained, so it could have none to prevent the same parties from making such future contract as they pleased. In any subsequent agreement for a renewal or continuation of the risk, it was competent for the parties to contract by parol and to waive the payment in cash of the premium, substituting therefor a premium to pay on demand or at a future day. Proof of such an agreement would have no tendency to contradict or to change the written policy already in force between the parties, and which would be wholly spent before the new agreement could take its place."

We must infer that John Whelp had all the power of ordinary insurance agents. He had acted for this company for nine or ten years in procuring risks for it and in delivering policies and renewal certificates. His name was indorsed upon the original policy as the company's agent. It was, therefore, according to the decisions above cited, just as com-

petent for him to waive the condition of prepayment as for any other officer or agent of the company. But conceding this, it is claimed on the part of the appellant that his son, Charles Whelp, had no authority to waive the prepayment of the premium so as to bind the company. Charles had been the clerk and assistant of his father for three or four years. He had procured policies and renewal certificates from the company and frequently delivered them to the persons insured, waiving prepayment of the premiums. All this he did with the knowledge and assent of his father, and hence we must infer that he was authorized by his father to do it. The agency of John Whelp was not such as to require his personal attention to all the details of the business intrusted to him. We know, according to the ordinary course of business, that insurance agents frequently have clerks to assist them; and that they could not transact their business if obliged to attend to all the details in person, and these clerks can bind their principals in any of the business which they are authorized to transact. An insurance agent can authorize his clerk to contract for risks, to deliver policies, to collect premiums, and to take payment of premiums in cash or securities, and to give credit for premiums, or to demand cash; and the act of the clerk in all such cases is the act of the agent, and binds the company just as effectually as if it were done by the agent in person. The maxim of *delegatus non potest delegare* does not apply in such a case. (Story on Agency, § 14.) If the agent or his clerk waive the prepayment of premiums without authority from the company, it can lose nothing, as the agent becomes responsible for the amount of the premiums, as if the same had been paid to him in cash.

There is another reason for holding the company bound by the act of Charles Whelp in waiving prepayment of the premium. It delivered to him the renewal certificate, and thus clothed him with apparent authority to deliver the same to the assured. If he had delivered it to them without exacting payment of the premium or saying anything about it,

according to the cases above cited, it would have been inferred that prepayment was waived, and the company would have been bound. If his mere silent delivery would have had this effect, much more will his express waiver make the renewal effectual to bind the company.

There was some evidence tending to show that the plaintiffs accepted the certificate, and that it was arranged that Charles Whelp should hold it for them until a future day, when they would pay the premium. Hence the court committed no error in the refusal to dismiss the complaint and in the charge to the jury.

The judgment must, therefore, be affirmed with costs

All concur.

Judgment affirmed.