# SUPREME COURT.

## JANE A. LASHER and others agt. THE NORTHWESTERN NATIONAL INSURANCE COMPANY.

*Insurance, fire — Insurable interest — printed clause — Non-payment of premium — Waiver — Parties.*

Where, by a policy of fire insurance, a portion of the loss is made payable to a third person, "as his interest may appear," the language imports an ownership in the property in such third person.

A provision in the printed part of a policy of fire insurance, that "if the interest of the assured be any thing more than the entire, unconditional and sole ownership of the property, * * * it must be so expressed in the written part of the policy, otherwise the policy shall be void," may be waived by the company.

The policy of insurance insured "J. L. on her household furniture," &c., &c., as described in the policy, "loss, if any, payable to A. S. and W. L., as their interest may appear." The furniture upon which the insurance was effected was held by J. L. under an agreement for its purchase with the other two plaintiffs, A. S. and W. L., who retained the title until the purchase-price was fully paid, which price was to be paid in installments, she having, under certain restrictions, the right to possess and use the property. The policy contained, in the printed part thereof, this clause: "If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the said assured, it must be so represented to the company, and so expressed in the written part of the policy, otherwise the policy shall be void."

*Held,* that J. L. had an insurable interest in the property.

*Held,* also, that the provision in the written part of the policy, that the "loss, if any," shall be "payable to A. S. and W. L., as their interest may appear," is equivalent to an express declaration that J. L.'s interest is less than that of "entire, unconditional and sole ownership;" and the requirement in the printed clause of the policy has been literally complied with by an announcement in the written part thereof that A. S. and J. L. have an interest in the property.

*Held,* further, that even if the printed clause in the policy required the *exact and true* interest of the assured in the property to be stated in the written part thereof, the company have waived this requirement by issuing the policy and delivering it as one fully and completely obligatory.

A clause in a policy of insurance requiring the payment of the premium before the policy takes effect may be *waived,* and such waiver may be shown by direct proof that credit was given, or may be inferred from circumstances.

In an action on a policy of fire insurance, where the loss was payable to others than the party insured, the insured may be a proper and necessary party. In this case, though the loss was payable to others, from the nature of the insured's agreement with them, she having obligated herself to pay them an agreed price for the property insured and damaged by the fire, she had an interest in the subject of the action, and in obtaining the judgment demanded, and was properly joined as plaintiff (*Code of Procedure, sec.* 446).

*Ulster Circuit, January,* 1878.

*William Lounsbery,* for plaintiff.

*Carlisle Norwood, Jr.,* for defendant.

WESTBROOK, *J.* — This cause was tried at the Ulster circuit January 14, 1878, without a jury. It was an action upon a policy of insurance dated August 21, 1874, issued by the defendant, whereby it insured " Jane A. Lasher, on her household furniture," &c., &c., as described in the policy; "loss, if any, payable to Artemas Sahler and William Lounsbery, as their interest may appear," to the amount of $2,500.

The furniture upon which the insurance was effected was situate in a building known as " the Woodstock Overlook Hotel," kept by the plaintiff, Mrs. Lasher, and was held by her under an agreement for its purchase with the other two plaintiffs, Lounsbery and Sahler, who retained the title until the purchase-price was fully paid, which price was to be paid in installments, she having, under certain restrictions, the right to possess and use the property.

The policy of insurance contained, in the printed part thereof, this clause: "If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the said assured, it must be so represented to the company, and so expressed in the written part of the policy, otherwise the policy shall be void."

Confessedly the interest of Mrs. Lasher was less than that of "entire, unconditional and sole ownership of the property," and as the extent of the interest held by her was not stated in the policy, it is claimed by the defendant that there can be no recovery. It is not disputed but that Mrs. Lasher had an insurable interest therein, and that she had is expressly settled in *Rohrbach* agt. *The Germania Fire Insurance Company* (62 *N. Y.*, 47), but the point made is, that the policy should have stated its *exact* character.

The first answer to the objection is, that the clause referred to does not require the policy to specifically state the extent of the interest of the insured, when such interest is less than of "entire, unconditional and sole ownership," but it only requires the fact, that it is less, to be "so represented to the company, and so expressed in the written part of the policy," and precisely that has been done. The written part of the policy provides that the "loss, if any," shall be "payable to Artemas Sahler and William Lounsbery, as their interest may appear;" and this is equivalent to an express declaration that Mrs. Lasher's interest is less than that of "entire, unconditional and sole ownership," as the expression plainly imports, and as has been expressly decided (*Pitney* agt. *Glen's Falls Ins. Co.*, 65 *N. Y.*, 6). The requirement in the policy has been literally complied with by an announcement in the written part thereof that Lounsbery and Sahler have an interest in the property, and, consequently, Mrs. Lasher's ownership could not be exclusive; and as this the company has declared in the policy, it must have been here so represented to it.

Lasher agt. Northwestern National Insurance Co.

The answer already given to the objection is complete, and the form of the clause in the policy distinguishes it from many of the cases cited by the counsel for the defendant, but there would, it seems to me, be no difficulty, even though the printed clause in the policy hereinbefore given required the exact and true interest of the insured in the property to be stated in the written part thereof. The company had information, as the policy shows, that Mrs. Lasher was not the " entire, unconditional and sole" owner of the property insured, and yet it issues and delivers as a valid and binding policy of insurance one which, upon its face, shows, and that in the written covenant specifying to whom the loss is to be paid, that Mrs. Lasher is not the sole owner, and when a loss occurs it deliberately points to a printed clause in the policy· which probably the insured never read and never saw, making invalid and void the written covenant to which the insured only looked, and which, by the very act of delivery of the policy, the company declared to be valid. This certainly cannot be sound. The company had a right to waive the clause upon which its objection to a recovery is now based, and such waiver could be made in no more effective and convincing a manner than by issuing the policy upon which this action is founded and delivering it as one fully and completely obligatory. The policy, from the language employed and its delivery as valid, can properly be read : " Though the extent of Mrs. Lasher's interest in such property is not stated in this policy as another clause herein requires, we do still insure the property herein specified against loss or destruction by fire, and we hereby agree to pay such loss to William Lounsbery and Artemas Sahler as their interest may appear." Against such a covenant and recital as this, the printed clause would be most clearly inoperative because it is directly waived, and yet no construction of the language actually used, which reads this policy by the light of its delivery as a binding obligation, can make it less forcible than that we have employed to express its meaning. Surely he who, without being

deceived and with full knowledge in *loud and audible terms*, makes a promise should not be allowed by *whispered words* never heard by the promisee, though spoken at the same time, to invalidate the promise which such promisee heard and relied upon. And so an insurance company which points to a written promise to pay in a certain way, and which the insured sees and accepts from it as valid, should not be allowed to set up a printed clause in the same instrument, to which attention was never directed, to invalidate the written promise when the written promise itself shows that the company had actual knowledge that the very thing needed to make the writing valid was omitted therefrom. Good faith and common honesty require that such a defense shall not succeed. Every principle applicable to waiver and estoppel applies to it.

The defendant also insists that it is not liable because the premium had not been paid. It is now perfectly settled that a clause in the policy requiring the payment of the premium before the policy takes effect may be waived, and such " waiver may be shown by direct proof that credit was given, or may be inferred from circumstances " (*Bodine et al.* agt. *Exchange Fire Ins. Co.*, 51 *N. Y.*, 117). The proof that there was such a waiver in this case is clear. On the 18th of December, 1874, the defendant's general agents wrote to Mrs. Lasher that the premium due on her policy was not paid, and saying " we will commence suit for the amount unless paid by twenty-sixth instant." The policy had been issued and delivered in August, 1874. On March 19, 1878, the same agents wrote to Mr. William H. Fredenburgh, an insurance agent in Kingston, and who had procured the insurance, and had acted as agent of both parties, " to collect the premiums or send us the policies." This letter recognizes Fredenburgh's right to collect; and he had, on the 11th day of February, 1875, more than a month before this letter was written, accepted Mrs. Lasher's note for a sum which included the amount due for the premium, which note at maturity was paid.

The objection, founded upon the fact that there has been no arbitration to fix the amount of the loss, is answered in a former opinion written in this same cause, and which was rendered upon the demurrer, and to which opinion reference is made. Suffice it now to say that the condition of affairs has not arisen which makes that clause in the policy applicable. No " differences of opinion between the parties " to the contract ever have existed, or do now exist, " as to the *amount* of loss or damage," but the differences relate to the binding force of the policy itself. Indeed, the pleadings admit (the complaint averring it, and answer not denying it) that the loss was greater than the amount of the policy. Under such circumstances an arbitration to fix the amount of loss would have been useless, and was not required by the policy.

The action was not prematurely brought, because the sixty days, which the policy requires to elapse after proofs of loss are furnished, had actually expired. The first proofs of loss were sufficient. The party who verified them was no stranger, but John E. Lasher, the husband and agent of the insured, who proved his authority by his oath. If to satisfy the defendant the plaintiffs subsequently furnished an affidavit of Jane A. Lasher, such act was not a waiver of the prior proofs, which were clearly valid. Such first proofs were furnished April 16, 1875, and the action was commenced September 6, 1875. More than sixty days intervened, as these dates show, between the furnishing of the proofs and the commencement of the action.

It is, lastly, objected that Mrs. Lasher should not have been joined as plaintiff because the loss was payable to Lounsbery and Sahler.

This objection is not well taken. Section 446 of the Code provides : "All persons having an interest in the subject of the action, and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly provided in this act." Mrs. Lasher was the party insured, and though the loss was payable to others, from the nature of her agree-

ment with them, having obligated herself to pay them an agreed price for the property insured and damaged by the fire, she had an interest in the subject of the action, and in obtaining the judgment demanded.

My conclusion is, that the plaintiffs are entitled to recover the amount of the policy and interest.