STEPHEN McCABE, APPELLANT, v. THE DUTCHESS COUNTY MUTUAL INSURANCE COMPANY, RESPONDENT.

*Insurance company — when estopped from enforcing conditions of policy — agents authority.*

Plaintiff applied to defendant's agent for insurance, stating that he was going to insure in another company ; the agent asked him to insure wholly with him ; plaintiff refused, and said he wanted to insure half with him and half with another agent. Defendant's agent finally agreed, and gave him a policy. Three years after, plaintiff procured an equal amount of insurance in another company.

*Held,* that the verbal consent of the agent, if he was authorized to give it, operated as a waiver of a condition of the policy, avoiding it if other insurance was made without being indorsed upon the policy, and prevented the company from enforcing such condition.

An insurance company is barred by the acts of its agent, though in excess of the written authority given him, where he has been accustomed to do similar acts and the company has theretofore approved them.

An insurance agent, authorized to indorse a written consent to further insurance, has authority to waive, orally, the condition in the policy requiring such indorsement.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit.

The action was brought upon a policy of insurance to recover a loss sustained by fire. The defense was a breach of a condition of the policy, providing " that in case the assured shall hereafter make any other assurance on the same property, and shall not with all reasonable diligence give notice thereof to this company, and

have the same indorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease and be of no further effect." The insurance policy in question, was issued by one Barton, as agent for the company.

*Daniel W. Guernsey*, for the appellant.

*John Thompson*, for the respondent.

GILBERT, J.:

I think that the court erred in granting a nonsuit. The condition whereby it was declared that the effecting of another insurance upon the property insured, without the written consent of the defendant, should avoid the policy, might be waived by parol, by the defendant or any authorized agent. (*Bodine* v. *Exchange Fire Ins. Co.*, 51 N. Y., 117–122.) The questions, then, are: 1. Did Barton, in fact, waive that condition in the case before us? and 2. Had he authority so to do?

With respect to the first question, the only testimony on the subject was given by the plaintiff, who testified, in substance, that at the very time he made the application to Barton for the insurance in question, he told him that he " was going to insure in another company;" that Barton said: " Mr. McCabe, let me insure you wholly myself; I will do it;" that the plaintiff declined such proposal, and replied that he " wanted to insure half with him (Barton) and half with another;" that Barton agreed to it, and finally insured him accordingly. It is but a just and reasonable inference from this testimony, that Barton consented beforehand that the plaintiff might procure an additional insurance to a like amount with that granted by the defendant, and that such consent was one of the inducements which influenced the plaintiff in making the contract in controversy. The subsequent insurance does not exceed in amount that of the defendant. The fact that it was not effected until three years after the consent was given, it seems to me, is not at all material. The consent was unrestricted as to time, and I am unable to perceive that the defendant has sustained any injury by the plaintiff's delay in availing himself of it. None has even been suggested. The

verbal consent, therefore, must be deemed as effectual as if it had been given at the time the subsequent insurance was effected. In either case, such a consent operates as a waiver of the condition, or as an estoppel *in pais* against the defendant, provided Barton had authority to give it. (51 N. Y., *supra; Maher* v. *Hibernia Ins. Co.,* 67 id., 284; *Van Schoick* v. *Niagara Ins. Co.,* 68 id., 434, and cases cited.)

It is apparent that the act of Barton is in excess of the written authority conferred upon him — that was, only to make surveys, and receive applications for insurance. But the authority actually exercised by him, with the approval of the defendant, was much greater. Among other acts, he had been in the habit, for years, of indorsing other insurances upon policies, and the company had always approved such acts. The defendant thus held Barton out as having authority to give its consent to other insurances upon the property which it had insured. His name appears on the policy in this case as the defendant's agent. The question is not merely what his real authority was, but what was his *apparent* authority, as shown by his acts, done with the knowledge and assent of the defendant? I am of the opinion that persons who dealt with the defendant, through Barton as its agent, had a right to infer that he was authorized to give the formal consent required by the condition referred to, and that one, clothed with such an authority, is authorized to waive a performance of the condition before mentioned. (*Bodine* v. *Exchange Ins. Co.,* 51 N. Y., 122.)

The judgment must be reversed and a new trial granted, with costs to abide the event.

Present — GILBERT and DYKMAN, JJ.: BARNARD, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.