HEWITT BOICE, RESPONDENT, *v.* THE THAMES AND MERSEY MARINE INSURANCE COMPANY (LIMITED), OF LIVERPOOL, LONDON AND MANCHESTER, ENGLAND, APPELLANT.

*Marine insurance — power of an agent to make an oral agreement to issue a policy — when the customary mode of loading a cargo can be proved — what is a waiver of a right to object to a failure to serve proof of loss.*

The defendant, a marine insurance company, issued to Preston & Co. its open policy, dated March 1, 1884, and also a commission authorizing them to receive proposals for insurance and to issue certificate therefor to attach under the said open policy. On Saturday, March 29, 1884, between five and six P. M., the plaintiff's bookkeeper, acting under the plaintiff's instruction, telephoned to Preston and asked him to put an insurance of $1,500 on a cargo of blue stone on the sloop Carver. Preston said he would and asked where the sloop was going. The bookkeeper replied New York, and also stated that the sloop was then at Rondout, and was told by Preston that it was all right and that they would take it. Preston made a minute of the instructions on the telephone card and told his partner to "put it on the Thames and Mersey" (the defendant). That night the partner made a memorandum in lead pencil on the stub of the book of certificates, in which, after the loss, however, the words "on deck or on board" were written. The sloop left Rondout that night in a tow and was lost in a storm the next morning.

In this action, brought to recover the amount of the insurance:

*Held,* that Preston & Co. had power to make an oral agreement to issue a policy, and that the agreement made by them with the plaintiff was binding upon the defendant.

That the fact that the rate of the premium was not fixed did not affect the validity of the agreement, as it was shown that the plaintiff and the agents

had dealt together for some years and knew the rate of the premium, and that the agents were in the habit of giving credit to the plaintiff for the premium upon the policies issued to him.

Evidence was received, against the objection and exception of the defendant, tending to show that the plaintiff was accustomed to load on deck; that this was the customary mode of loading, and that the defendant's agents knew this to be so.

*Held*, that as the evidence was not intended to explain or modify any terms actually written in a policy, but only to show what must have been the understanding of the plaintiff and the agents when the verbal agreement was made, it was admissible.

A witness called by the defendant was asked whether, in his judgment, the vessel and cargo could have been saved by cutting her loose from the tow.

*Held*, that the court properly refused to allow the witness to answer, as the question was objectionable in form.

It was claimed by the defendant that the plaintiff's failure to furnish proofs of loss, as required by the terms of the defendant's policy, should prevent a recovery by him.

*Held*, that the necessity of furnishing them was waived by a letter from the defendant's general agent admitting the receipt of proofs of loss and denying all liability upon other grounds.

*Brink* v. *Hanover Fire Insurance Company* (80 N. Y., 108); *O'Niel* v. *Buffalo Insurance Company* (3 id., 122), followed; *Devens* v. *Mechanics and Traders' Insurance Company* (83 id., 169) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

*Norris Morey*, for the appellant.

*Howard Chipp, Jr.*, for the respondent.

LEARNED, P. J.:

The defendant issued to George ·C. Preston & Co. its open policy dated March 1, 1884. It also issued a commission of the same date to the same parties, authorizing them to receive proposals for insurance; to give receipts therefor; to countersign and issue certificates of insurance signed by the officers of the company attaching under open policies.

Between five and six P. M., Saturday, March 29, 1884, plaintiff's bookkeeper, under plaintiff's instruction, telephoned George C. Preston & Co. Mr. Preston answered, and the bookkeeper asked him to put an insurance of $1,500 on a cargo of blue stone on the sloop Carver. Preston said he would, and asked where the sloop

was going. The bookkeeper said to New York, and asked if he had got it. Preston said yes, it was all right; and, as he testified, they would take it. The bookkeeper told him the Carver was at plaintiff's dock at Rondout. Mr. Preston made a minute of the insurance on the telephone card on the wall. In a few minutes his partner, Mr. Causland, came in. Preston told him of the application and he said: " Put it in the Thames and Mersey." That night Mr. Causland made a memorandum in lead pencil on the stub of the book of certificates. In that memorandum the words " on deck or on board" were written by Mr. Causland some time subsequently to the loss.

The Carver was completely loaded the evening of March twenty-ninth and started in a tow about eight P. M. She was wrecked the next morning in Haverstraw bay in a severe gale. On Monday George C. Preston & Co. issued a certificate to the plaintiff. This, of course, was after the loss. The premium had not then been paid. In the certificate are the words " on deck and on board."

The commissions authorized G. C. Preston & Co. to receive proposals for insurance, to receive premiums and to issue certificates of insurance. A letter of instructions of date of March 22, 1884, states that the company has forwarded a " complete set of supplies for doing a general inland marine business in the T. and M. I. Co." At the time, then, of the alleged agreement between plaintiff and defendant, G. C. Preston & Co. were authorized to insure plaintiff in defendant's company, and to bind defendant without any consultation or correspondence with its officers. Under the decisions in *Post* v. *Ætna Insurance Company* (43 Barb., 361), *Ellis* v. *Albany City Fire Insurance Company* (50 N. Y., 402), *Angell* v. *Hartford Fire Insurance Company* (59 id., 171), G. C. Preston & Co. could therefore make a verbal contract to insure or to issue a policy which contract would bind defendant. (*Train* v. *Holland Purchase Ins. Co.*, 62 N. Y., 598.) Although the rate of premium was not expressed, yet the plaintiff and the agents had had dealings for some years and the rate of premium was known to them. (*Bodine* v. *Exchange F. Ins. Co.*, 51 N. Y., 117; *Fabbri* v. *Phœnix Ins. Co.*, 55 id., 129.) The agents too were in the habit of giving credit to plaintiff. This, of course, was at their own personal risk, as they became liable to defendant the same as if the premium had been

received. The issue of the certificate after the loss had occurred very possibly did not aid the plaintiff. The agents had no authority to make such a contract after the loss, and the plaintiff's case must rest upon what occurred on Saturday.

Evidence was received, under defendant's objection, tending to show that plaintiff was accustomed to load on deck; that this was the customary mode and that the agents knew this. The defendants claim that proof of usage was not admissible and cite *Wood* v. *Poughkeepsie Mutual Insurance Company* (32 N. Y., 619). But the evidence is not directed to the explanation or modification of any terms actually written in the policy. It is intended to show what must have been the understanding of the plaintiff and the agents when they made the verbal agreement. If by that agreement it was fairly to be understood that the goods might be carried on deck, then the agents should have made the proper indorsement on the policy. The plaintiff cannot lose the benefit of his agreement by their failure to do this. (*Van Schoick* v. *Niagara F. Ins. Co.*, 68 N. Y., 434; see, also, in this connection, *Allen* v. *St. Louis Ins. Co.*, 85 id., 472.)

The question whether, in the judgment of a witness, the vessel and cargo could have been saved by cutting her loose, etc., was in that form objectionable. The question at issue was whether there was ordinary care and skill in navigating. Possibly the event showed that cutting loose would have saved the vessel. Yet it did not follow that to do so would have been good navigation or ordinary care. The question in issue was what was good navigation or ordinary skill as the matter then appeared. That question had been already answered by the witness.

Nothing in the views above stated conflicts with *De Grove* v. *Metropolitan Insurance Company* (61 N. Y., 594), cited by defendant. That case holds that a receipt given by an agent entitles the party to nothing more than a policy in the usual form, for instance, in that case, that suit must be brought in twelve months. But, in the present case, it was within the authority of the agents to give plaintiff a certificate expressing that the cargo might be on deck, etc., and, if the agreement was for such a certificate, the agent should have given it. Therefore plaintiff's claim does not seek to go beyond the agent's authority, as it did in the case last cited.

The next point made by defendant is that proofs of loss were not furnished. The court held that the necessity was waived by a letter of Crosby and Gunning. That letter admits service of proof of loss and denies the defendant's liability on other grounds. This case comes within *Brink* v. *Hanover Fire Insurance Company* (80 N. Y., 108), *O'Niel* v. *Buffalo Insurance Company* (3 id., 122). The letter clearly showed that defendants made no objection to the proof of loss which had been presented. If objection had been made, the defect could have been remedied. This is not like *Devens* v. *Mechanics and Traders' Insurance Company* (83 N. Y., 169). There the defense on the trial was a breach of a warranty in the policy. That was not a defect which could be remedied when notice of loss was served, and therefore failure to state it was held to be no waiver. On the contrary, in the present case the letter of Crosby and Gunning must have given plaintiff to understand that the proof of loss was satisfactory. It states two defenses and denies all liability.

It is urged by defendant that certain questions should have been submitted to the jury. On this point there might seem at first some room for doubt. But upon the whole we feel satisfied with the course taken by the learned justice as explained in his remarks in denying the motion.

Judgment affirmed, with costs.

LANDON, J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment affirmed, with costs.