### DE FRECE *v.* NATIONAL LIFE INS. CO.

*(Supreme Court, General Term, First Department. May 13, 1892.)*

1. LIFE INSURANCE—FAILURE TO PAY PREMIUM—ESTOPPEL TO CLAIM FORFEITURE.
    Though a policy of life insurance contains a condition that it shall become forfeited if the assured shall fail to pay any installment of the premium on the day it is payable, it is competent, in an action on the policy, wherein defendant sets up that the assured failed to pay the last installment promptly, for plaintiff to show the course of dealing between defendant and the assured; and where such evidence warrants a conclusion that the assured acted on the belief that a literal compliance with the condition would not be required, defendant, if its actions warranted such belief, will be estopped from insisting upon a technical forfeiture.

**2. Same—Waiver of Condition for Prompt Payment of Premium.**

Where a life insurance company receives from the assured payment of an installment of premium while a subsequent installment is overdue, it waives the right to claim a forfeiture on the ground that such subsequent installment was not paid on the day it became due, in accordance with a condition in the policy that it should become void if any installment should not be paid on the day when payable.

**3. Same—Action on Policy—Pleading—Evidence of Waiver.**

In an action on a life insurance policy, an allegation in the complaint that deceased "complied with the terms of said agreement so far as the same were to be complied with by him," is not equivalent to alleging that deceased "duly performed all the terms and conditions of the policy," so as to render inadmissible under the complaint evidence that defendant waived the condition in the policy that it should become forfeited if deceased should fail to pay any installment of the premium the day when payable.

**4. Same.**

In an action on a life insurance policy, where, after the case is opened, and without any proof being offered by plaintiff, defendant proceeds to introduce its defense by showing the service of notice by it, as required by law, to entitle it to claim a forfeiture of the policy because of a condition that it should become forfeited if the installment of premium should not be paid on the day when payable, and gives proof that such notice was not complied with by deceased by paying the premium promptly, defendant thus assumes the affirmative, and plaintiff may in rebuttal show that defendant waived such condition, notwithstanding the complaint may have alleged that deceased performed all the terms and conditions of the policy.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Mary B. De Frece, as administratrix of the estate of Benjamin De Frece, deceased, against the National Life Insurance Company, on policies of life insurance. From a judgment entered on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before Van Brunt, P. J., and O'Brien and Andrews, JJ.

*I. Newton Williams,* for appellant. *Townsend, Dyett & Einstein, (B. F. Einstein,* of counsel,) for respondent.

O'Brien, J. The defendant issued three endowment policies on October 27, 1881, on the life of plaintiff's intestate, for $1,000 each. The bonds were payable in 20 years, or upon the death of the intestate, on the condition that the annual installment should be paid on or before the 27th day of October in each year. The mode of payment from annual to quarterly payments of premium was changed by an arrangement between the parties in October, 1883, so that, subsequent to that period, the premiums were due and payable on the 27th day of October, January, April, and July in each year. The bond sued upon contained a provision that, "in case any installment * * * shall not be paid the day when payable, the bond shall thereupon become forfeited and void. * * *" Benjamin De Frece died on February 19, 1889, and after the appointment of plaintiff as administratrix she, on August 7, 1889, presented proof of his death to the defendant, and demanded payment of the policies, which was refused; hence this action.

De Frece, at the time of his death, was indebted to the company in the sum of $250, with interest from October 27, 1888, for which he had given his promissory note, and which defendant sets up as a counterclaim in this action. As this amount was conceded to be due the defendant upon the trial, and no question arises concerning it upon this appeal, we may dismiss it without further consideration, it being conceded that any recovery to be had by the plaintiff must be subject to a deduction for the amount of such note. As to what was due the plaintiff upon the bonds was the question litigated upon the trial; the plaintiff insisting that the whole amount was due, except the indebtedness owing to the company upon the promissory note hereinbefore referred to, and the defendant insisting that all that the plaintiff was entitled to recover was the marginal or cash value of the bonds, with interest, amounting to $846.45, less the amount of the promissory note, for which the com-

pany was entitled to credit. The ground upon which the defendant refused to pay the policy, and insisted that only the cash value was due, was that the quarterly premium, which fell due on January 27, 1889, was not paid, but that, inasmuch as two annual premiums had been paid, the plaintiff was entitled to the cash value only of the policy. It appears from the evidence that the insured paid all the premiums or installments which became due on the bonds to January 27, 1889, so as to leave only the question as to the effect of the failure to pay the last premium, due January 27, 1889. It appeared that all the premiums,—some 21 in all,—except in three instances only, were paid after these payments became due; and in respect to the premium which was payable October 27, 1888, the evidence shows that it was not paid until January 30, 1889, or three days subsequent to the date when the January premium of 1889 was due and payable.

It was insisted by plaintiff upon the trial that, whether any default was made in reference to this condition in the policy,—as to the forfeiting the same in case of nonpayment of the premium when due,—the same was not available as a defense to the defendant, upon the ground that the notice which the law requires as a prerequisite to declare a forfeiture for nonpayment (chapter 341, Laws 1876, as amended by chapter 321, Laws 1877) had not been served upon plaintiff's intestate. In view of the conclusion at which we have arrived, we may assume that the notice was properly given, and, if the facts otherwise warranted, the defendant was in a position to take advantage of the forfeiture provided for in the policy. The question presented, therefore, in this case is whether the policy became forfeited by the failure to pay the premium upon the day when due, or whether, as contended by the plaintiff, the defendant waived the prompt payment of such premium. In this connection it is strenuously insisted by appellant that the court erred in allowing evidence tending to excuse the payment of the premium, or any evidence tending to show a waiver of the condition of the bonds. For this purpose resort is had to the familiar principle that, where the plaintiff alleges performance of a condition, it is necessary, in order to recover, that such performance be proven, but that where, as here, an excuse is sought to be interposed for nonperformance, it must be pleaded; and that under an allegation of due performance, when controverted, evidence in excuse of performance is not admissible. We think, however, that the defendant gives too narrow a construction to the complaint, and that, apart from this consideration, the manner in which the trial was conducted prevents defendant availing itself of this objection. If, before such proof can be considered, an amendment is necessary, such amendment can be allowed by this court to sustain the judgment, if in other respects just and proper. In regard to the pleadings, it should be noticed that the plaintiff does not state that the terms and conditions of the original policy were fully performed, but the allegation is "that the said Benjamin De Frece complied with the terms of said agreement, so far as the same were to be complied with by him.". If the plaintiff did not intend to avail herself of the change in the terms of the policy in respect, not only to the time when the premiums were payable, but also as to the waiver upon which a right of recovery would be predicated, the proper form of allegation would have been that he had duly performed all the terms and conditions of the policy. We do not regard the allegation of performance in the complaint to be equivalent to this, or a statement that the plaintiff had performed the terms of the original agreement; but, on the contrary, the statement is that he had complied with such terms, so far as the same were to be complied with by him. Moreover, upon the trial, after the case was opened, and without any proof being offered by plaintiff, the defendant proceeded to introduce its defense by showing the service of notice required by law to entitle it to forfeiture, coupled with the fact that such notice had not been complied with by the payment by plaintiff's intestate of the premium thereafter

falling due. It seems to us that it was competent, where the defendant assumed the affirmative, for the plaintiff, in rebuttal, to introduce such evidence as would destroy the force and effect of the defense so sought to be presented. We think, therefore, that it was proper for the court to allow any competent evidence to be introduced which would tend to prove that the defendant had waived the condition of the policy in respect to the prompt payment of premiums.

It remains, then, to consider the force and character of the evidence adduced. We regard it as well settled that a condition in a policy of insurance that no insurance, whether original or renewed, shall be binding until the actual payment of premiums may be waived by parol by the company or its authorized agent, and the waiver may be shown by proof that the credit was expressly given, or may be inferred from the circumstances attending the relations or dealings of the parties. *Bodine* v. *Insurance Co.*, 51 N. Y. 117. We think that testimony such as was here given, showing that out of 21 payments 18 were received subsequent to the date when actually payable according to the terms of the policy, was competent as tending to show or prove a waiver. From such evidence it could be legally inferred that the defendant, by its course of dealing with De Frece, by accepting payment of premiums long after they became due under the terms of the policy, led him to believe that prompt payment of premiums was unnecessary, and that the same might be paid within a reasonable time after they became payable, without forfeiture of the policy. As said in *Leslie* v. *Insurance Co.*, 63 N. Y. 33: "Even if there be no primary hostile purpose in the action of one who may, in a certain event, become entitled to a forfeiture or other right arising from the nonperformance of a condition, if by his act he has induced another to omit strict performance, he may not take the benefit or exact the forfeiture." In *Insurance Co.* v. *Doster*, 106 U. S. 37, 1 Sup. Ct. Rep. 18, the judge writing the opinion of the court remarks: "In *Insurance Co.* v. *Norton*, 96 U. S. 239, we said, in reference to a policy similar to the one here in suit, that the company was not bound to act upon the declaration that its agents had no power to make agreements or waive forfeitures, but might, at any time, at its option, give them such power; that the declaration was tantamount to a notice to the insured, which the company could waive and disregard at pleasure. 'In either case,' said the court, 'both with regard to the forfeiture and to the powers of its agents, a waiver of the stipulation or notice would not be repugnant to the written agreement, because it would only be the exercise of an option which the agreement left in it. And whether it did exercise such option or not was a fact provable by parol evidence, as well as by writing, for the obvious reason that it could be done without writing.' In the same case it was said that, although in life insurance time of payment was material, and could not be extended against the assent of the company, where such assent was given the court should be liberal in construing the transaction in favor of avoiding a forfeiture. And in *Insurance Co.* v. *Eggleston*, 96 U. S. 577, it was said that the courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or agreement to do so, on which the party has relied and acted. Consequently, said the court, speaking by Mr. Justice BRADLEY, 'any agreement, declaration, or course of action on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing the forfeiture. The representations, declarations, or acts of an agent, contrary to the terms of the policy, of course will not be sufficient, unless sanctioned by the company itself. *Insurance Co.* v. *Mowry*, Id. 544. But when the latter has by its course of

action ratified such declarations, representations, or acts, the case is very different.' " We think, under these decisions, and many more which might be cited, that it is perfectly competent to introduce evidence showing the course of dealing between the parties, and that, where such evidence warrants a conclusion that an assured acted upon the belief that a literal compliance with the provisions of a policy concerning the payment of premiums would not be required, such conclusion amounts to an estoppel against insisting upon a technical forfeiture.

Apart from the manner in which the premiums generally were paid, the very last payment is most significant, not only as showing that a credit was given for overdue premiums, but also as estopping the defendant from insisting upon a forfeiture. As already stated, the default claimed was for a premium due upon January 27, 1889, and yet, in the face of a forfeiture now claimed for such default, the evidence shows that on January 30 or 31, 1889,— three or four days after the default upon the January installment became due,—they received the premium for the three months or quarter ending October 27, 1888, so that, on January 30th or 31st, when the October premium was paid, two premiums were due; and yet the defendant, after having received the payment of one, insists that it is entitled to take advantage of the failure to promptly pay the other, and can take advantage of a technical default and forfeit the plaintiff's rights in the bonds. This would be in the highest degree inequitable and unjust, and we do not think there is any authority that would warrant or support any such forfeiture as is claimed here. It must be remembered that upon the conclusion of the case both sides requested the direction of a verdict, and, the court having directed a verdict for plaintiff, all the controverted facts and all inferable facts in support of the judgment must be deemed to have been established.

The only other question that need be referred to is defendant's insistence that it was reversible error to allow the counsel for plaintiff, upon cross-examination of one of defendant's witnesses, to ask as to the contents of the monthly reports made by the general agent to the home office of the defendant, which reports were not in evidence nor present upon the trial. No doubt the purpose of these questions was to prove knowledge and ratification, by the defendant, of the alleged acceptance of the premiums after due, by showing that reports as to the time when premiums were paid were made by the general agent to the home office, and if, as claimed, there was no other evidence showing ratification by the defendant or acceptance of these premiums after the same were due, the admission of such evidence would be prejudicial error, which would call for a reversal. If, however, we entirely leave out this testimony, we will find that the defendant itself called for and put in evidence receipts for premiums paid, each of which receipts was countersigned by the proper officer of the defendant, and each of which showed when the premium became payable, and when, in fact, it was actually paid. There was practically no dispute as to defendant's knowledge of the times when payments were made, or as to the fact of its accepting such payments at periods long after the same were due. The insistence was that, notwithstanding this had been done in all the instances enumerated, the defendant was still entitled to avail itself, by reason of the strict letter and terms of the policy, of a forfeiture. We do not think that a life insurance company that would seek to avail itself, upon the facts here appearing, of such a technical defense, so as to escape the payment to those whom the assured wished to benefit of a just and honest debt, is entitled to any consideration other than the extension to it of the hard and rigid rules of law, to which, for the purpose of escaping its liability, it itself appeals in seeking to escape such liability. In our opinion, the facts proven justify the inference made by the learned judge in directing a verdict, and, there being no error requiring a reversal, the judgment should be affirmed, with costs.

VAN BRUNT, P. J. I do not concur in the foregoing opinion. I think, however, that the judgment should be affirmed, upon the ground that the notice served was entirely insufficient to comply with the statute. In order that an insurance company can insist upon a default in the payment of a premium, it must serve, as prescribed by statute, a notice stating when the premium will fall due, and that, if not paid, the policy and all payments therein will become forfeited and void. The notice served in the case at bar contained no reference to forfeiture. Upon the back of the notice is printed what purports to be a copy of the statute, which it is not. This indorsement is not referred to in the notice, forms no part thereof, and certainly is not a compliance with the statute. If the insurance company wants to insist upon a forfeiture, it must show a compliance with the statute. The judgment should therefore be affirmed, with costs.

ANDREWS, J., concurs in the result.